UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JANE ZHOU,

                Plaintiff,

  - vs -

ROSWELL PARK CANCER INSTITUTE
CORPORATION,
DR. CANDACE JOHNSON, as the CEO/PRESIDENT
of Roswell Park Cancer Institute Corporation,
DR. CHARLES LEVEA, individually and as the
CHAIR of the Department of Pathology and Laboratory
Medicine,
DR. GISSOU AZABDAFTARI, individually and as the
CHIEF of the Division of Cytopathology in the
Department of Pathology,
DR. MIHAI MERZIANU, individually and as the
HEAD of Head and Neck Pathology Service in the
Department of Pathology

                Defendants.

**Civil Action No.
19-CV-01200 (EAW)**

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS

**BOND, SCHOENECK & KING, PLLC**
*Attorneys for Defendants*
Avant Building - Suite 900
200 Delaware Avenue
Buffalo, New York  14202-2107
(716) 416-7000

Michael E. Hickey, Esq.
Mary E. Aldridge, Esq.
   Of Counsel

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................. iii

PRELIMINARY STATEMENT ........................................................ 1

BACKGROUND ............................................................................. 3

LEGAL STANDARD ..................................................................... 5

ARGUMENT ................................................................................. 6

I. MANY OF PLAINTIFF'S CLAIMS ARE TIME-BARRED AND SHOULD BE DISMISSED. ................................................................. 6

    **(A)** Plaintiff's Title VII Discrimination Claims are Time-Barred. .................... 7

    **(B)** Plaintiff's ADA Failure-to-Accommodate Claim is Time-Barred. .............. 9

    **(C)** Plaintiff's Title VII Harassment Claims are Time-Barred. ......................... 10

    **(D)** Plaintiff's NYLL § 740 Claim is Time-Barred. ......................................... 11

II. THIS COURT SHOULD DISMISS PLAINTIFF'S CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS IN THEIR OFFICIAL CAPACITIES, WHICH INCLUDES ALL CLAIMS AGAINST DR. JOHNSON. .................... 12

III. PLAINTIFF'S DISCRIMINATION AND RETALIATION CLAIMS ARISING OUT OF HER TERMINATION ARE BARRED BY NYLL § 740'S WAIVER PROVISION. .................................................. 13

IV. PLAINTIFF CANNOT BRING A § 1981 CLAIM AGAINST THE DEFENDANTS. .................................................................... 15

V. MANY OF PLAINTIFF'S CLAIMS SHOULD BE DISMISSED AS INSUFFICIENTLY PLED. .............................................................. 16

    **(A)** Plaintiff Does Not Meet the Pleading Standard for Title VII and NYHRL Harassment Claims. ................................................................ 17

    **(B)** Plaintiff's Title VII, NYHRL, § 1981, and § 1983 Retaliation Claims Should Be Dismissed Because They Are Insufficiently Pled. ....................... 21

    **(C)** Plaintiff's Title VII, NYHRL, § 1981, and § 1983 Discrimination Claims Should Be Dismissed Because Plaintiff Does Not Allege Any Adverse Employment Action to Support These Claims. .......................... 24

i

**(D)**   The Individual Defendants Are Not Subject to Liability for Aiders and/or Abettors Under the NYHRL. ........................................................................ 27

**(E)**   Plaintiff's Claims Under NYLL §§ 740 and § 741 Are Insufficiently Pled. .............. 28

**(F)**   Plaintiff's EPA Claim Should Be Dismissed Because Plaintiff Does Not Allege That She Was Paid Less than Male Employees Performing Substantially Similar Work.......................................................................... 29

**VI.** PLAINTIFF'S REQUEST FOR PUNITIVE DAMAGES AGAINST ROSWELL PARK SHOULD BE DISMISSED. .................................................. 31

CONCLUSION........................................................................................................ 33

# TABLE OF AUTHORITIES

Page

## Cases

*Alfano v. Costello*,
   294 F.3d 365 (2d Cir. 2002)..................................................................................... 24

*AMTRAK v. Morgan*,
   536 U.S. 101 (2002)............................................................................................... 11

*Anand v. N.Y. Dept. of Taxation & Fin.*,
   No. 10-cv-5142, 2012 U.S. Dist. LEXIS 85744, at *21 (E.D.N.Y. June 18, 2012) ................ 14

*Anderson v. Conboy*,
   156 F.3d 167 n.17 (2d Cir. 1998).............................................................................. 18

*Arroyo-Horne v. City of New York*,
   No. 16-CV-03857 (MKB), 2018 U.S. Dist. LEXIS 151183, at *24 (E.D.N.Y. Sept. 5, 2018) 31

*Ashcroft v. Iqbal*,
   556 U.S. 662, 678 (2009)......................................................................................... 6

*Bakeer v. Nippon Cargo Airlines, Co.*,
   No. 09-cv-3374, 2011 U.S. Dist. LEXIS 90102, at *141 (E.D.N.Y. July 25, 2011)................ 27

*Bass v. World Wrestling Fed'n Entm't, Inc.*,
   129 F. Supp. 2d 491 (E.D.N.Y. 2001) ...................................................................... 21

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)................................................................................................ 6

*Black v. New York University Medical Center*,
   1996 U.S. Dist. LEXIS 7178, No. 94-cv-9074, at *12 (S.D.N.Y. May 24, 1996) .................. 37

*Bowen-Hooks v. City of N.Y.*,
   13 F. Supp. 3d 179 (E.D.N.Y. 2014) ........................................................................ 23

*Carmody v. Vill. of Rockville Ctr.*,
   661 F. Supp. 2d 299 (E.D.N.Y. 2009) ...................................................................... 15

*Castanza v. Town of Brookhaven*,
   700 F. Supp.2d 277 (E.D.N.Y. 2010) ....................................................................... 14

*Chung v. City Univ. of N.Y.*,
   605 F. App'x 20, 22 (2d. Cir. 2015) ......................................................................... 31

*Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*,
    70 N.Y.2d 382 (1987) ................................................................................................. 37

*Clemente v. N.Y. State Div. of Parole*,
    No. 01 Civ. 3945 (TPG), 2004 U.S. Dist. LEXIS 16881, at *21 (S.D.N.Y. Aug. 23, 2004) ... 12

*Collette v. St. Luke's Roosevelt Hospital*,
    132 F.Supp.2d 256 (S.D.N.Y. 2001) ........................................................................... 17

*Davis v. Erie Cty. Sheriff Dep't*,
    No. 17-cv-955, 2018 U.S. Dist. LEXIS 12502, at *14 (W.D.N.Y. Jan. 23, 2018) ................. 28

*Dollinger v. State Ins. Fund*,
    44 F. Supp. 2d 467 (N.D.N.Y. 1999) .......................................................................... 10

*Duplan v. City of New York*,
    888 F.3d 612 (2d Cir. 2018) ...................................................................................... 21

*EEOC v. Port Auth. of N.Y. and N.J.*,
    768 F.3d 247 (2d Cir. 2014) ...................................................................................... 35

*Eliacin v. Cty. of Broome*,
    488 F. App'x 504 (2d Cir. 2012) ................................................................................ 26

*Escobar v. City of New York*,
    No. 1:05-cv-3030, 2007 U.S. Dist. LEXIS 45952, at *10 (E.D.N.Y. June 25, 2007) ............. 14

*Falchenberg v. N.Y. State Dep't of Educ.*,
    338 Fed. Appx. 11, 14 (2d Cir. 2009) ......................................................................... 33

*Faragher v. City of Boca Raton*,
    524 U.S. 775 (1998) ................................................................................................. 22

*Fattoruso v. Hilton Grand Vacations Co., LLC*,
    873 F. Supp. 2d 569 (S.D.N.Y. 2012), *aff'd* 525 Fed. Appx. 26 (2d Cir. May 17, 2013) ........ 22

*Fierro v. New York City Dep't of Educ.*,
    994 F. Supp. 2d 581 (S.D.N.Y. 2014) ......................................................................... 13

*Ford v. Bernard Fineson Development Center*,
    81 F.3d 304 (2d Cir. 1996) ........................................................................................ 9

*Foster v. Humane Soc'y of Rochester & Monroe County, Inc.*,
    724 F. Supp. 2d 382 (W.D.N.Y. 2010) ........................................................................ 7

*Frasier v. Gen. Elec. Co.*,
    930 F.2d 1004 (2d Cir. 1991) .................................................................................... 35

*Galabya v. N.Y.C. Bd. of Educ.*,
    202 F.3d 636 (2d Cir. 2000)..................................................................................... 30

*Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*,
    136 F.3d 276 (2d Cir. 1998)..................................................................................... 26

*Ghartey v. St John's Queens Hosp.*,
    869 F.2d 160 (2d Cir. 1989)....................................................................................... 8

*Giordani v. Legal Aid Soc'y*,
    No. 17-cv-5569, 2018 U.S. Dist. LEXIS 201378, at *7 (E.D.N.Y. Nov. 27, 2018)................. 24

*Goins v. Finger Lakes Serv. Grp.*,
    No. 13-cv-6551-FPG, 2014 U.S. Dist. LEXIS 6470, at *3 (W.D.N.Y. Jan. 17, 2014) .............. 9

*Goldstein v. Pataki*,
    516 F.3d 50 (2d Cir. 2008........................................................................................ 6

*Gomez v. Stonybrook Univ.*,
  No. 14-cv-7219, 2016 U.S. Dist. LEXIS 16542, at *21 (E.D.N.Y. Jan. 28, 2016)   21

*Grant v. N.Y. State Office for People with Developmental Disabilities*,
    No. 12-cv-04729, 2013 U.S. Dist. LEXIS 107565, at *27 (E.D.N.Y. July 30, 2013).............. 27

*Hargett v. Metro. Transit Auth.*,
    552 F. Supp. 2d 393 (S.D.N.Y. 2008)........................................................................ 37

*Hayden v. Paterson*,
    594 F.3d 150 (2d Cir. 2010)....................................................................................... 7

*Honey v. Cnty. of Rockland*,
    200 F. Supp. 2d 311 (S.D.N.Y. 2002)....................................................................... 32

*Ireland v. Rochester Inst. Of Tech.*,
    No. 19-cv-6392-FPG, 2019 U.S. Dist. LEXIS 185418, at 19 (W.D.N.Y. Oct. 25, 2019)....... 33

*Jett v. Dallas Independent School District*,
    491 U.S. 701 (1989)................................................................................................ 18

*Johnson v. Long Island Univ.*,
    58 F. Supp. 3d 211 (E.D.N.Y. Sept. 30, 2014) ........................................................... 29

*Kelley v. Ithaca College*,
    No. 18-cv-1082, 2019 U.S. Dist. LEXIS 102636, at *22 (N.D.N.Y. June 18, 2019).............. 13

*Krachenfels v. N. Shore Long Island Jewish Health Sys.*,
    No. 13-cv-243, 2014 U.S. Dist. LEXIS 103474, at *31-31(E.D.N.Y. July 29, 2014) ............ 11

*Krohn v. N.Y.C. Police Dep't,*
    372 F.3d 83 (2d Cir. 2004).................................................................................... 37

*Lebowitz v. New York City Dep't of Educ.,*
    No. 15-cv-2890, 2017 U.S. Dist. LEXIS 50950 (E.D.N.Y. March 31, 2017).................... 21, 22

*Littlejohn v. City of New York,*
795 F.3d 297 (2d Cir. 2015)   21, 24

*Lucenti v. Potter,*
    432 F. Supp. 2d 347 (S.D.N.Y. 2006)................................................................... 23

*Matusick v. Erie Ct. Water Auth.,*
    757 F.3d 31 (2d Cir. 2014)................................................................................... 32

*McCullough v. Xerox Corp.,*
    224 F. Supp. 3d 193 (W.D.N.Y. 2016).................................................................... 35

*Minogue v. Good Samaritan Hosp.,*
    100 A.D.3d 64 (2d Dep't 2012).............................................................................. 16

*Moore v. Verizon,*
    No. 13-cv-6467, 2016 U.S. Dist. LEXIS 16201, at *25 (S.D.N.Y. Feb. 5, 2016)................... 31

*Nadkarni v. N. Shore-Long Island Jewish Health Sys.,*
    No. 02-cv-5872, 2003 U.S. Dist. LEXIS 26552, at *17 (E.D.N.Y. July 31, 2003)................ 18

*Noboa v. MSC Crociere S.P.A.,*
    No. 08-cv-2896, 2009 U.S. Dist. LEXIS 38189, at *2 (S.D.N.Y. May 5, 2009) ..................... 8

*Oshinsky v. New York City Hous. Auth.,*
    No. 98 Civ. 5467 (AGS), 2000 U.S. Dist. LEXIS 1879, at *22-23 (S.D.N.Y. Feb. 23, 2000) . 9

*Owitz v. Beth Israel Medical Center*
    781 N.Y.S.2d 626 (Sup. Ct., New York Cty. 2004) ................................................... 17

*Panayiotou v. N.Y.C. Dep't of Educ.,*
    No. 18-cv-06522-AMD-SMG, 2019 U.S. Dist. LEXIS 101721, at *12 (E.D.N.Y. June 12,
    2019) ............................................................................................................ 24

*Patane v. Clark,*
    508 F.3d 106 (2d Cir. 2007).......................................................................... 12, 16

*Patterson v. Cnty. of Oneida,*
    375 F.3d 206 (2d Cir. 2004)................................................................................ 13

*Pipia v. Nassau Cty.,*
 34 A.D.3d 664 (2d Dep't 2006) ................................................................... 17

*Pryor v. Jaffe & Asher, LLP,*
 992 F. Supp. 2d 252 (S.D.N.Y. 2014) ........................................................ 21

*Quinn v. Green Tree Credit Corp.,*
 159 F.3d 759 (2d Cir. 1998) ......................................................................... 9

*Reddington v. Staten Island Univ. Hosp.,*
 11 N.Y.3d 80 (2008) .................................................................................... 17

*Regan v. Benchmark Co. LLC,*
 No. 11-cv-4511, 2012 U.S. Dist. LEXIS 28722, *25 (S.D.N.Y. Mar. 1, 2012) ........................ 8

*Rochester Drug Coop., Inc. v. Biogen Idec U.S. Corp.,*
 130 F. Supp. 3d 764 (W.D.N.Y. Sept. 18, 2015) (Wolford, J.) .................................. 6

*Roddini v. City Univ. of N.Y.,*
 No. 02-cv-4640, 2003 U.S. Dist. LEXIS 2549, at *16 (S.D.N.Y. Feb. 14, 2003) ................... 19

*Rojas v. Roman Catholic Diocese of Rochester,* 660 F.3d 98 (2d Cir. 2011) ............................ 22

*Rosario v. Local 1106 Transp. Works & Transervice Lease Corp.,*
 29 F. Supp. 3d 153 (E.D.N.Y. 2014) ......................................................... 8

*Savage v. Acquino,*
 No. 13-cv-6376, 2016 U.S. Dist. LEXIS 136006, *12 (W.D.N.Y. Sept. 29, 2016) ................. 6

*Sharapata v. Town of Islip,*
 56 N.Y.2d 332 (1982) ............................................................................ 37, 38

*Slinkosky v. Buffalo Sewer Auth.,*
 No. 97-cv-0677, 2000 U.S. Dist. LEXIS 9403, *8 (W.D.N.Y. June 29, 2000) ..................... 31

*Snyder v. Town of Potsdam,*
 No. 16-cv-1462, 2018 U.S. Dist. LEXIS 203118, at *36 (N.D.N.Y. 2018) ..................... 30, 31

*Sotomayor v. City of New York,*
 862 F. Supp. 2d 226 (E.D.N.Y. 2012) ........................................................ 23

*Terry v. Ashcroft,*
 336 Fad 128 (2d Cir. 2003) ................................................................... 30

*Tomka v. Seiler Corp.,*
 66 F.3d 1295(2d Cir. 1995) ..................................................................... 36

*Trachtenberg v. Dep't of Educ.*, 937 F. Supp. 2d 460 (S.D.N.Y. 2013) ...................................... 31

*Underwood v. Roswell Park Cancer Inst.*,
    2017 U.S. Dist. LEXIS 5689, at *60-61 (W.D.N.Y. Jan. 13, 2017)...................................... 39

*Vale v. Great Neck Water Pollution Control Dist.*,
    80 F. Supp. 3d 426 (E.D.N.Y. 2015) ...................................................................................... 31

*Vega v. Hempstead Union Free Sch. Dist.*,
    801 F.3d 72 (2d Cir. 2015)....................................................................................................... 29

*Webb-Weber v. Community Action for Human Servs., Inc.*,
    23 N.Y.3d 448 (2014) ............................................................................................................... 34

*Whaley v. City Univ. of N.Y.*,
    555 F. Supp. 2d 381 (S.D.N.Y. 2008)..................................................................................... 19

*Whitt v. Kaleida Health*,
    298 F. Supp. 3d 558 (W.D.N.Y. 2018) .................................................................................. 30

*Williams v. City of New York*,
    No. 11 Civ. 9679, 2012 U.S. Dist. LEXIS 112482, at *26 (S.D.N.Y. Aug. 8, 2012) ............ 23

**Statutes**

42 U.S.C. § 1981 ........................................................................... 2, 5, 13, 15, 16, 21, 23, 24, 25, 26

42 U.S.C. § 1983 ........................................................................... 2, 5, 13, 15, 16, 21, 22, 23, 24, 25, 26

Americans with Disabilities Act, 42 U.S.C. § 12112(a) *et seq.* ...................................................... 2

Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ............................................................. 2

N.Y. Pub. Auth. L. § 3551(1) .......................................................................................................... 16, 32

New York Labor Law § 740 *et seq.* ............................................... 2, 5, 7, 11, 12, 14, 15, 17, 28, 29

New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ..................... 2, 22, 24, 25, 27

Pub. Auth. Law § 1264 ....................................................................................................................... 32

Title VII of the Civil Rights Act of 1964, 42. U.S.C. 2000e, *et seq* .............. 2, 8, 22, 23, 24, 25, 26

**Rules**

Fed. R. Civ. P. 12(b)(6).......................................................................................................................... 2

Defendants Roswell Park Cancer Institute Corporation ("Roswell Park"), Dr. Candace Johnson as the CEO/President of Roswell Park ("Dr. Johnson"), Dr. Charles LeVea, individually and as the Chair of the Department of Pathology and Laboratory Medicine ("Dr. LeVea"), Dr. Gissou Azabdaftari, individually and as the Chief of the Division of Cytopathology in the Department of Pathology ("Dr. Azabdaftari"), and Dr. Mihai Merzianu, individually and as the Head of Head and Neck Pathology Service in the Department of Pathology ("Dr. Merzianu") (Dr. Johnson, Dr. LeVea, Dr. Azabdaftari and Dr. Merzianu are referred to collectively as the "Individual Defendants"), by and through their attorneys, Bond, Schoeneck & King, PLLC, respectfully submit this Memorandum of Law in support of their motion to dismiss the Complaint filed by Plaintiff Jane Zhou ("Plaintiff").

## PRELIMINARY STATEMENT

Despite devoting 70 pages and 384 paragraphs to nineteen causes of action against Roswell Park and four individual Roswell Park employees, much of the Complaint in this action is legally deficient and does not satisfy basic pleading standards. The first 35 pages of the Complaint contain a laundry list of factual allegations relating to Plaintiff's employment at Roswell Park. Throughout these pages, Plaintiff sets forth numerous alleged acts and occurrences that took place outside the applicable limitations periods under federal law. Moreover, the bulk of Plaintiff's factual allegations cannot support a plausible claim for discrimination, harassment, or retaliation under federal or state law. Furthermore, many of Plaintiff's claims against the Individual Defendants merely duplicate her claims against Roswell Park. She fails to plead any claim against Dr. Johnson that can survive this motion to dismiss.

1

The deficiencies in Plaintiff's Complaint do not end there. Defendants respectfully request that this Court dismiss the entirety of the Complaint, with prejudice, for all of the following reasons, which are fully set forth in this Memorandum of Law:

- Plaintiff's claims under Title VII of the Civil Rights Act of 1964, 42. U.S.C. 2000e, *et seq.* ("Title VII") in the <u>first through fourth</u> causes of action, her claim under New York Labor Law ("NYLL") § 740 in the <u>eighteenth</u> cause of action, and Plaintiff's failure-to-accommodate claim under the Americans with Disabilities Act, 42 U.S.C. § 12112(a) *et seq.* ("ADA") in the <u>sixth</u> cause of action should all be dismissed because they are time-barred.

- Plaintiff's claims under the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYHRL"), 42 U.S.C. § 1981 ("§ 1981"), 42 U.S.C. § 1983 ("§ 1983"), and NYLL §§ 740 and 741 in the <u>ninth through eighteenth</u> causes of action against the Individual Defendants in their official capacities should be dismissed because they are duplicative of the claims against Roswell Park. Since Dr. Johnson is named only in her official capacity, all claims against her should be dismissed in their entirety.

- All of Plaintiff's discrimination and retaliation claims arising out of her termination from employment should be dismissed as irrevocably waived due to her also instituting claims under NYLL §§ 740 and 741 The waived claims include Plaintiff's ADA discrimination claim in the <u>sixth</u> cause of action, and the retaliation claims under Title VII, the ADA, the NYHRL, and the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA") in the <u>fifth</u>, <u>seventh</u>, <u>eighth</u> and <u>thirteenth</u> causes of action.

- Plaintiff's claims under § 1981 in the <u>fifteenth</u> and <u>sixteenth</u> causes of action against Roswell Park should be dismissed because Roswell Park is not subject to suit under § 1981.

- All claims under Title VII, the NYHRL, § 1981, § 1983, NYLL §§ 740 and 741, and the EPA in the <u>first through fifth</u>, <u>ninth through twelfth</u>, and <u>thirteenth through nineteenth</u> causes of action should be dismissed because they are insufficiently pled.

- Plaintiff's demand for punitive damages should be dismissed because such damages are not available against Roswell Park, a public entity.

All of the foregoing claims are fatally flawed.  Thus, the Complaint should be dismissed in its entirety, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

2

## BACKGROUND

Plaintiff alleges that she was appointed as a staff physician and an Assistant Professor by Roswell Park in September 2016. Compl. ¶ 52. In her Complaint, she raises a variety of allegations, involving an assortment of co-workers, concerning her employment with Roswell Park. She also explains the conduct that led to her termination. Specifically, according to Plaintiff, on February 14, 2018, she was assigned to work on cytopathology service, which required her to be available, if paged, to provide assistance with a particular patient's care. *Id.* ¶¶ 127, 134. Despite being assigned to such responsibilities, she admits that she left the hospital early that day, without prior approval, to get her car inspected. *Id.* Before she left, she did not find coverage for her responsibilities; she only sent Dr. LeVea an e-mail stating that she was leaving early. *Id.* Dr. LeVea is the chair of the Department of Pathology and Laboratory Medicine and Roswell Park. *Id.* ¶ 21. The division of cytopathology (in which Plaintiff worked) is part of the larger department that Dr. LeVea oversees.

Significantly, in her Complaint, Plaintiff acknowledges that she scheduled her car inspection on February 13, 2018, for the day in question, February 14, 2018. *Id.* ¶ 126. Thus, she could have provided much more notice of her need to leave early and she likely could have arranged for appropriate coverage. Instead, she admittedly (and inexplicably) waited until shortly before she left on February 14, 2018, to e-mail Dr. LeVea about leaving early that day. *Id.* ¶ 7.

After Plaintiff left, she received a page to perform cytopathology services for a patient. *Id.* ¶ 128. Plaintiff did not perform her assigned responsibilities because she was at the car repair shop rather than at the hospital. *Id.* Dr. LeVea therefore had to perform the service himself. *Id.* Plaintiff was ultimately terminated, on March 30, 2018, as a result of this incident; that is, "for leaving work early on February 14th without having coverage." *Id.* ¶¶ 113, 135. Plaintiff's own

3

allegations show that Roswell Park had a legitimate, non-discriminatory reason for her termination.

On September 6, 2019, Plaintiff commenced this lawsuit against her former employer, Roswell Park, and the Individual Defendants. In the caption and the introductory paragraph of the Complaint, Plaintiff names Dr. Levea, Dr. Azabdaftari, and Dr. Merzianu in their official and individual capacities. Plaintiff names Dr. Johnson only in her official capacity.

The majority of her Complaint and the claims asserted therein focus on a variety of unremarkable interactions with her co-workers that have nothing to do with her termination. This is not overly surprising, given that Plaintiff acknowledges the legitimate basis for her termination, as noted above.

Although the exact nature of her claims is not entirely clear, she appears to assert the following causes of action:

1.   Race discrimination and harassment under Title VII against <u>Roswell Park;</u>

2.   Race harassment under Title VII against <u>Roswell Park;</u>

3.   Sex discrimination and harassment under Title VII against <u>Roswell Park;</u>

4.   National origin discrimination and harassment under Title VII against <u>Roswell Park;</u>

5.   Retaliation under Title VII against <u>Roswell Park;</u>

6.   Disability discrimination and failure to accommodate under the ADA against <u>Roswell Park;</u>

7.   Retaliation under the ADA against <u>Roswell Park;</u>

8.   Violation of the FMLA against <u>Roswell Park;</u>

9.   Race discrimination and harassment under the NYHRL against <u>all defendants;</u>

10.   Sex discrimination and harassment under the NYHRL against <u>all defendants;</u>

11.     National origin discrimination and harassment under the NYHRL against <u>all defendants;</u>

12.     Disability discrimination under the NYHRL against <u>Roswell Park</u>, <u>Dr. Johnson</u>, <u>Dr. LeVea</u>, and <u>Dr. Azabdaftari;</u>

13.      Retaliation under the NYHRL against <u>Roswell Park</u>, <u>Dr. Johnson</u>, <u>Dr. LeVea</u>, and <u>Dr. Azabdaftari;</u>

14.     Aiding and Abetting under the NYHRL against <u>Dr. Johnson</u>, <u>Dr. LeVea</u>, <u>Dr. Azabdaftari</u>, and <u>Dr. Merzianu;</u>

15.     Race discrimination under § 1981 against <u>all defendants;</u>

16.     Retaliation under § 1981 against <u>all defendants;</u>

17.     Infringement of Plaintiff's rights conferred by the Equal Protection Clause of the United State Constitution as enforced under § 1983 against <u>all defendants;</u>

18.     Retaliation under NYLL §§ 740 and 741 against <u>Roswell Park</u> and <u>Dr. Johnson;</u>

19.     Discrimination under the EPA against <u>Roswell Park.</u>

For the reasons discussed below, these claims must be dismissed because they are untimely, insufficiently pled, or otherwise deficient.

## <u>LEGAL STANDARD</u>

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  "The plausibility standard 'asks for more than a sheer possibility' that a defendant acted unlawfully."  *Rochester Drug Coop., Inc. v. Biogen Idec U.S. Corp.*, 130 F. Supp. 3d 764, 769 (W.D.N.Y. Sept. 18, 2015) (Wolford, J.) (quoting *Iqbal*, 46 U.S. at 678).  "'[A]t a bare minimum, the operative standard requires the plaintiff to provide the grounds upon

which [her] claim rests through factual allegations sufficient to raise a right to relief above the speculative level.'" *Savage v. Acquino*, No. 13-cv-6376, 2016 U.S. Dist. LEXIS 136006, *12 (W.D.N.Y. Sept. 29, 2016) (quoting *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008 (quotations and citations omitted)).

"[T]he Supreme Court has made clear that it is not enough simply to recite the elements of a claim, and to allege the existence of those elements in general, conclusory fashion." *Foster v. Humane Soc'y of Rochester & Monroe County, Inc.*, 724 F. Supp. 2d 382, 389 (W.D.N.Y. 2010) (quoting *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)); *see also Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation . . . requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."). While the Court accepts factual allegations in the complaint as true, conclusory statements – legal or otherwise – are not presumed to be true. *See Ashcroft*, 556 U.S. at 678 (noting that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"); *Foster*, 724 F. Supp. 2d at 389 ("[I]n assessing the viability of a complaint, the court is free to 'identify[] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.'" (quoting *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010))).

## ARGUMENT

Each of Plaintiff's claims falls short of meeting the applicable legal standards. For the reasons discussed below, Defendants respectfully request that this Court dismiss the Complaint in its entirety, with prejudice.

## I.  MANY OF PLAINTIFF'S CLAIMS ARE TIME-BARRED AND SHOULD BE DISMISSED.

Plaintiff asserts numerous time-barred claims upon which this Court cannot properly

grant relief. "Where a defendant raises a statute of limitations defense in a pre-answer motion to dismiss, such a motion 'is properly treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted.'" *See Rosario v. Local 1106 Transp. Works & Transervice Lease Corp.*, 29 F. Supp. 3d 153, 158 (E.D.N.Y. 2014) (quoting *Ghartey v. St John's Queens Hosp.*, 869 F.2d 160, 162 (2d Cir. 1989)). An action should be dismissed pursuant to Rule 12(b)(6) where it is clear on the face of the Complaint that the action is untimely. *Id.* (quoting *Noboa v. MSC Crociere S.P.A.*, No. 08-cv-2896, 2009 U.S. Dist. LEXIS 38189, at *2 (S.D.N.Y. May 5, 2009)). Moreover, "a complaint containing factual allegations that preclude the existence of any element of a *prima facie* case cannot possibly raise a claim that is 'facially plausible.'" *Regan v. Benchmark Co. LLC*, No. 11-cv-4511, 2012 U.S. Dist. LEXIS 28722, at *25 (S.D.N.Y. Mar. 1, 2012).

Here, many of Plaintiff's claims fail to meet this standard. Specifically, Plaintiff's Title VII discrimination claims in the <u>first</u>, <u>third</u>, and <u>fourth</u> causes of action, her ADA failure to accommodate claim in the <u>sixth</u> cause of action, her Title VII harassment claim in the <u>first</u> <u>through fourth</u> causes of action, and her NYLL § 740 claim in the <u>eighteenth</u> cause of action should be dismissed as time-barred.

(A)     **Plaintiff's Title VII Discrimination Claims are Time-Barred.**

Plaintiff's Title VII discrimination claims in the <u>first</u>, <u>third</u>, and <u>fourth</u> causes of action rely on allegations of conduct that Plaintiff did not present to the EEOC within the required timeframe for asserting a timely cause of action under Title VII. These claims, therefore, are time-barred. They should be dismissed.

In states such as New York, where there is an agency with the authority to address charges of employment discrimination, the statutorily-mandated period for filing a Title VII

7

claim of discrimination is 300 days.  *See* 42 U.S.C. § 2000e-5(e); *Ford v. Bernard Fineson Development Center*, 81 F.3d 304, 307 (2d Cir. 1996).  Title VII precludes a plaintiff from recovering "for discrete acts of discrimination which occur outside of this statutory time period, regardless of whether such acts are related to other discriminatory acts alleged in timely filed charges." *Goins v. Finger Lakes Serv. Grp.*, No. 13-cv-6551-FPG, 2014 U.S. Dist. LEXIS 6470, at *3 (W.D.N.Y. Jan. 17, 2014).  "A plaintiff's failure to file a timely charge with the EEOC renders a claim time-barred." *Oshinsky v. New York City Hous. Auth.,* No. 98 Civ. 5467 (AGS), 2000 U.S. Dist. LEXIS 1879, at *23 (S.D.N.Y. Feb. 23, 2000) (citing *Quinn v. Green Tree Credit Corp.,* 159 F.3d 759, 765 (2d Cir. 1998)).

Plaintiff alleges that she filed a charge of discrimination with the EEOC on December 4, 2018. Compl. ¶ 27.  Three hundred days prior to that date is February 7, 2018.  Accordingly, any alleged conduct taking place prior to February 7, 2018 falls outside the limitations period for a Title VII claim.

Here, Plaintiff asserts her Title VII claims based on a variety of purportedly discriminatory acts that occurred during her employment with Roswell Park. She sets forth allegations of receiving poor performance evaluations in September 2017 (*Id.* ¶¶ 93, 95); receiving "attacking" e-mails in 2017 (*Id.* ¶ 77-83); being excluded from participating in the Tumor Board in 2017 (*Id.* ¶ 75-76); receiving certain directives from a supervisor in August 2017 (*Id.* ¶ 92); and receiving threats of termination in early January 2018 (*Id.* ¶¶ 100, 104).[1] **All of this alleged conduct took place prior to February 7, 2018.**  Plaintiff does not allege any purportedly discriminatory acts that took place during the limitations period. As such, Plaintiff's

---

[1] Although Plaintiff's Complaint is not a model of clarity, it does not appear to state, at any point, that her discrimination claims (arising under Title VII, the NYHRL, and § 1981) are based on her termination.  Rather, she seems to only base her retaliation and ADA claims on that action.

8

Title VII discrimination claims in the <u>first</u>, <u>third</u>, and <u>fourth</u> causes of action should be dismissed as untimely.

**(B)**   **<u>Plaintiff's ADA Failure-to-Accommodate Claim is Time-Barred.</u>**

Plaintiff's failure-to-accommodate claim under the ADA in the <u>sixth</u> cause of action also should be dismissed as time-barred.  As with Title VII claims, an aggrieved party must bring an ADA claim to the EEOC within 300 days of accrual.  *Dollinger v. State Ins. Fund*, 44 F. Supp. 2d 467, 477 (N.D.N.Y. 1999) ("Any claim under the ADA must be brought within 300 days of the alleged discriminatory act(s) otherwise it is time-barred and may not be the basis for relief in federal district court").

Here, Plaintiff bases her failure-to-accommodate claim solely on an alleged request she made to Dr. LeVea in January 2018 to accommodate her by removing her from Dr. Azabdaftari's supervision.  Compl. ¶ 108.  This alleged request took place prior to the February 7, 2018 cutoff date.  Her failure to accommodate claim in the <u>sixth</u> cause of action is thus untimely.  *See Krachenfels v. N. Shore Long Island Jewish Health Sys.*, No. 13-cv-243, 2014 U.S. Dist. LEXIS 103474, at *31-31(E.D.N.Y. July 29, 2014) (finding that a former nurse's ADA failure to accommodate claim was time-barred because the claim was based upon the denial of her request to work on-call without scrubbing, which occurred more than 300 days before she filed her EEOC charge).  This claim therefore should be dismissed.[2]

---

[2] In addition to being untimely, Plaintiff fails to state a plausible failure-to-accommodate claim because transferring an individual with a disability solely to allow the employee to work under a different supervisor is not a reasonable accommodation.  *See Potter v. Xerox Corp.*, 88 F. Supp. 2d 109, 114 (W.D.N.Y. 2000) ("Assuming that the 'accommodation' requested here was transfer to a different department under a different supervisor, that is not considered to be a 'reasonable' accommodation under the ADA.  A request to change supervisors is presumed to be unreasonable, and the burden of overcoming that presumption lies with the plaintiff").

**(C)**   **Plaintiff's Title VII Harassment Claims are Time-Barred**

Plaintiff's Title VII harassment claims in the <u>first through fourth</u> causes of action also should be dismissed as time-barred. "Hostile environment claims are different in kind from discrete acts. Their very nature involves repeated conduct." *AMTRAK v. Morgan*, 536 U.S. 101, 115 (2002). "The 'unlawful employment practice' therefore cannot be said to occur on any particular day. It occurs over a series of days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own." *Id.* As such, a hostile work environment claim is timely as long as "an act contributing to the claim occurs within the filing period." *Id. See also Clemente v. N.Y. State Div. of Parole,* No. 01 Civ. 3945 (TPG), 2004 U.S. Dist. LEXIS 16881, at *21 (S.D.N.Y. Aug. 23, 2004) ("no acts occurring prior to the statutory period may be alleged as discriminatory conduct actionable under Title VII unless plaintiff can prove that the untimely acts constitute part of a hostile work environment that included certain acts occurring within the statutory 180- or 300-day period").

Here, Plaintiff makes no allegation of any harassing conduct occurring within the relevant filing period, that is, after February 7, 2018. The alleged conduct occurring on or after February 7, 2018 is limited to the following: (1) Plaintiff went on FMLA leave (Compl. ¶ 121); (2) Plaintiff's employment was terminated on March 30, 2018 (*Id.* ¶ 113); (3) in April through May of 2018, a Human Resources employee told Plaintiff that Roswell Park would contest Plaintiff's claim for unemployment benefits (*Id.* ¶¶ 140-141); and (4) a letter from Roswell Park dated November 15, 2018 stated that Plaintiff's employment was terminated "due to the failure to maintain a satisfactory standard of performance" (*Id.* ¶ 145). These allegations cannot contribute to a timely hostile work environment claim because they do not amount to harassing conduct. *See Patane v. Clark,* 508 F.3d 106, 113 (2d Cir. 2007) (unlawful harassing conduct

10

"(1) is objectively severe or pervasive – that is, creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's [protected characteristic].") (internal citations and punctuation omitted).

Furthermore, any timely allegations related to her termination cannot resurrect her untimely harassment claims. *See Patterson v. Cnty. of Oneida*, 375 F.3d 206, 220 (2d Cir. 2004) ("[T]he mere fact that an employee was dismissed within the statutory period cannot be used to pull in[to the statutory period] a time-barred discriminatory act . . ."); *Kelley v. Ithaca College*, No. 18-cv-1082, 2019 U.S. Dist. LEXIS 102636, at *22 (N.D.N.Y. June 18, 2019) ("Plaintiff's constructive termination was a separate and discrete act that cannot revive his otherwise untimely harassment and retaliation allegations); *Fierro v. New York City Dep't of Educ.*, 994 F. Supp. 2d 581, 587 (S.D.N.Y. 2014) ("Although [plaintiff] alleges that the [untimely] hostile work environment created by defendants led to her constructive discharge, that allegation is insufficient to resuscitate her time-barred claims").

In short, because Plaintiff makes no allegation of harassment occurring within the applicable limitations period, her Title VII harassment claims in the <u>first through fourth</u> causes of action should be dismissed as time-barred.

### (D)   <u>Plaintiff's NYLL § 740 Claim is Time-Barred.</u>

Plaintiff's NYLL § 740 claim in the <u>eighteenth</u> cause of action should also be dismissed as untimely. A plaintiff must bring a NYLL § 740 claim to court "within one year after the alleged retaliatory personnel action was taken." NYLL § 740(4)(a). Here, Plaintiff commenced this action on September 6, 2019. According to the Complaint, the termination of her employment occurred on March 30, 2018, nearly a year and a half prior to that date. *See* Compl.

11

¶ 113.  Plaintiff makes no allegation of any retaliatory conduct occurring within one year of commencing this action, *i.e.*, after September 6, 2018.  Therefore, Plaintiff's NYLL § 740 claim should be dismissed

## II.   THIS COURT SHOULD DISMISS PLAINTIFF'S CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS IN THEIR OFFICIAL CAPACITIES, WHICH INCLUDES ALL CLAIMS AGAINST DR. JOHNSON.

Plaintiff asserts numerous causes of action against the Individual Defendants. Specifically, the ninth through eighteenth causes of action implicate various combinations of the Individual Defendants.   Those causes of action should be dismissed with respect to the Individual Defendants in their official capacities because they duplicate Plaintiff's claims against Roswell Park.  Because Dr. Johnson is named only in her official capacity, all claims against her should be dismissed in their entirety.

"[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent."  *Castanza v. Town of Brookhaven*, 700 F. Supp. 2d 277, 283-84 (E.D.N.Y. 2010) (citation omitted).  "Based upon the understanding that it is duplicative to name both a government entity and the entity's employees in their official capacity, courts have routinely dismissed corresponding claims against individuals named in their official capacity as redundant and an inefficient use of judicial resources."  *Escobar v. City of New York*, No. 05-cv-3030, 2007 U.S. Dist. LEXIS 45952, at *10 (E.D.N.Y. June 25, 2007). *See also Anand v. N.Y. Dept. of Taxation & Fin.*, No. 10-cv-5142, 2012 U.S. Dist. LEXIS 85744, at *21 (E.D.N.Y. June 18, 2012) (dismissing Title VII claims against individual defendants in their official capacities as duplicative of the Title VII claims asserted against the employer directly); *Carmody v. Vill. of Rockville Ctr.*, 661 F. Supp. 2d 299, 329 (E.D.N.Y. 2009)

12

(similarly dismissing § 1981 and § 1983 claims against individual defendants in their official capacities as duplicative).

Here, Plaintiff alleges that each of the Individual Defendants is an employee of Roswell Park, and she names each of them in their "professional capacity." *See* Compl. p. 1 (Caption and Introductory Paragraph), ¶¶ 20-23. Each of the ninth through thirteenth and fifteenth through eighteenth causes of action asserts claims against Roswell Park, <u>and</u> a combination of the Individual Defendants. These claims against the Individual Defendants in their official capacities are duplicative and should be dismissed.

Additionally, the <u>fourteenth</u> cause of action asserts that <u>all Individual Defendants</u> "aided and abetted the unlawful employment practices, discrimination and retaliation against Plaintiff in violation of the NYSHRL." Because Plaintiff also asserts these same claims against Roswell Park in the ninth through thirteenth causes of action, the claims contained in the fourteenth cause of action against the Individual Defendants in their official capacities should be dismissed as duplicative. *See Castanza*, 700 F. Supp. 2d at 283-84.

In short, the <u>ninth through eighteenth</u> causes of action should be dismissed with respect to the Individual Defendants in their official capacities. Again, because Dr. Johnson is named only in her official capacity, all claims against her should be dismissed in their entirety.

## III.   <u>PLAINTIFF'S DISCRIMINATION AND RETALIATION CLAIMS ARISING OUT OF HER TERMINATION ARE BARRED BY NYLL § 740'S WAIVER PROVISION.</u>

All of Plaintiff's claims arising out of her termination from employment (which includes her ADA discrimination claim in the <u>sixth</u> cause of action, and her retaliation claims under Title VII, the ADA, the NYHRL and the FMLA in the <u>fifth</u>, <u>sixth</u>, <u>eighth</u>, and <u>thirteenth</u> causes of action) should be dismissed because Plaintiff has irrevocably waived these claims by instituting

claims under NYLL §§ 740 and 741. Section 740 contains an election of remedies provision, which states, in relevant part, that "the institution of an action in accordance with this section shall be deemed a waiver of the rights and remedies available under <u>any</u> other contract, collective bargaining agreement, <u>law</u>, rule, or regulation or under the common law." NYLL § 740(7) (emphasis added). Because a claim alleging a violation of NYLL § 741 is enforced pursuant to NYLL § 740(4)(d), "the institution of a cause of action alleging a violation of [NYLL] § 741 implicates the election-of-remedies provision of [NYLL] § 740(7)." *See Minogue v. Good Samaritan Hosp.*, 100 A.D.3d 64, 72-73 (2d Dep't 2012).

Here, as a result of NYLL § 740(7)'s election of remedies provision, Plaintiff has waived all other causes of action related to her termination by asserting claims under NYLL §§ 740 and 741. *See Minogue*, 100 A.D.3d at 72-73 (holding that institution of a NYLL § 741 cause of action "constitutes a waiver of all causes of action relating to the allegedly unlawful discharge."). Significantly, this waiver applies regardless of the disposition of the NYLL § 740 claim. *See Reddington v. Staten Island Univ. Hosp.*, 11 N.Y.3d 80, 87-88 (2008) (finding that the plaintiff's filing of a time-barred NYLL § 740 claim and amendment of her complaint to omit the NYLL § 740 claim did not preclude the waiver); *Pipia v. Nassau Cty.*, 34 A.D.3d 664, 667 (2d Dep't 2006) ("The mere commencement of an action under Labor Law § 740(4) thus acts as an election of remedies, waiving other causes of action relating to the alleged retaliatory discharge, irrespective of the disposition of such claims."). Thus, Plaintiff's NYLL §§ 740 and 741 can be withdrawn or dismissed as insufficiently pled (as they should be, *see* Point IV(E)), and the waiver remains in place.

In *Owitz v. Beth Israel Medical Center*, 781 N.Y.S.2d 626 (Sup. Ct., New York Cty. 2004), the court dismissed all of plaintiff's causes of action, including multiple discrimination

claims, because they all arose out of the same allegedly wrongful discharge that gave rise to the plaintiff's NYLL § 740 claim. *See Owitz*, 781 N.Y.S.2d, at 626 (noting that even if the court adopted the more narrow interpretation of the NYLL § 740 waiver set forth by the court in *Collette v. St. Luke's Roosevelt Hospital*, 132 F.Supp. 2d 256 (S.D.N.Y. 2001), it would still be obliged to dismiss the complaint "since all of its causes of action 'duplicate or overlap the statutory remedies for retaliation on account of whistleblowing activity alone'"); *see also Nadkarni v. N. Shore-Long Island Jewish Health Sys.*, No. 02-cv-5872, 2003 U.S. Dist. LEXIS 26552, at *17 (E.D.N.Y. July 31, 2003) (dismissing ADA and NYHRL claims as waived by NYLL § 740(7)). As in *Owitz*, all of Plaintiff's causes of action arising out of her allegedly unlawful termination must be dismissed as waived by her institution of claims under NYLL §§ 740 and 741.

## IV.   PLAINTIFF CANNOT BRING A § 1981 CLAIM AGAINST THE DEFENDANTS.

Roswell Park, and the Individual Defendants who are all Roswell Park employees, are not subject to suit under § 1981 due to Roswell Park's status as a public entity.   Therefore, Plaintiff's § 1981 claims against all Defendants in the <u>fifteenth</u> and <u>sixteenth</u> causes of action should be dismissed.

Section 1981 claims cannot be brought against a state actor. *Jett v. Dallas Independent School District,* 491 U.S. 701, 733 (1989).  Instead, "a claim against a state actor would have to be brought pursuant to 42 U.S.C. § 1983, which provides the 'exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units.'" *Anderson v. Conboy*, 156 F.3d 167,180 n.17 (2d Cir. 1998) (quoting *Jett*, 491 U.S. at 733).

According to Roswell Park's enabling legislation, "[t]he Roswell Park Cancer Institute is a public hospital and medical research center in Buffalo owned and operated by the state of New

15

York and its department of health." N.Y. Pub. Auth. L. § 3551(1). Roswell Park was created "in all respects for the public benefit of the people of New York, is a public purpose, and the exercise by such corporation of its functions, powers and duties constitutes the performance of an essential public and governmental function." *Id.* § 3551(8). It is clearly a state actor and so are the Individual Defendants who are all employed by Roswell Park. *See Whaley v. City Univ. of N.Y.*, 555 F. Supp. 2d 381, 400-01 (S.D.N.Y. 2008) ("The holding in Jett has been interpreted to encompass not only governmental entities, but also individuals sued in their individual capacities who are 'state actors.'"); *see also Roddini v. City Univ. of N.Y.*, No. 02-cv-4640, 2003 U.S. Dist. LEXIS 2549, at *16 (S.D.N.Y. Feb. 14, 2003) ("State employment has generally been deemed sufficient to render the defendant a 'state actor.'").

Therefore, Plaintiff cannot bring a cognizable claim against any of the Defendants under § 1981. Her § 1981 claims in the <u>fifteenth</u> and <u>sixteenth</u> causes of action should be dismissed.

## V.    **MANY OF PLAINTIFF'S CLAIMS SHOULD BE DISMISSED AS INSUFFICIENTLY PLED.**

Plaintiff asserts discrimination, harassment, and retaliation claims under Title VII, the NYHRL, § 1981, and § 1983 in the <u>first through fifth</u>, and <u>ninth through sixteenth</u> causes of action. These claims should be dismissed because they do not meet basic pleading standards. Specifically, Plaintiff's harassment claims should be dismissed because Plaintiff does not allege any severe or pervasive conduct. Her retaliation claims should be dismissed because she does not allege that she engaged in, or that Roswell Park was aware that she engaged in, any protected activity. Her discrimination claims should be dismissed because Plaintiff does not identify any adverse employment action. Her claims for aider/abettor liability under the NYHRL should be dismissed because she fails to state a claim for any underlying discriminatory conduct.

16

Further, Plaintiff's NYLL §§ 740 and 741 claims in the <u>eighteenth</u> cause of action should be dismissed because she fails to plead an essential element of those whistleblower claims. Namely, she does not allege even a reasonable belief that a law, rule, regulation, or declaratory ruling was violated.

Finally, Plaintiff brings a claim for violation of the EPA in the <u>nineteenth</u> cause of action. This claim should be dismissed because Plaintiff does not allege that she was paid less than male employees for performing substantially similar work.

**(A)**      <u>**Plaintiff Does Not Meet the Pleading Standard for Title VII and NYHRL Harassment Claims.**</u>

Plaintiff's Title VII and NYHRL harassment claims in the in the <u>first through fourth</u> and <u>ninth through eleventh</u> causes of action should be dismissed because Plaintiff fails to allege sufficient facts to support a harassment claim under a hostile work environment theory. Specifically, Plaintiff fails to allege that she was subject to any severe or pervasive conduct based on a protected status. Beyond that, Plaintiff relies on vague allegations that are so lacking in factual substance that they cannot support a plausible claim for relief. Her harassment claims therefore should be dismissed.

To state a hostile work environment claim, "a plaintiff must produce enough evidence to show that the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment." *Duplan v. City of New York*, 888 F.3d 612, 627 (2d Cir. 2018). "A plaintiff must show not only that [she] subjectively perceived the environment to be abusive, but also that the environment was objectively hostile and abusive." *Id.* The plaintiff must also allege facts demonstrating that the treatment in question "creates such an environment because of [her protected status]." *Pryor v. Jaffe & Asher, LLP*, 992 F. Supp. 2d 252, 256 (S.D.N.Y. 2014).

To determine whether an environment is hostile or abusive, courts look at the "totality of the circumstances" and consider "the quantity, frequency, and severity" of the alleged discriminatory acts. *Bass v. World Wrestling Fed'n Entm't, Inc.*, 129 F. Supp. 2d 491, 500 (E.D.N.Y. 2001). Typically, the harassment must be "more than isolated or episodic incidents" and instead constitute a "steady barrage" of disparaging incidents. *Id.*

Here, Plaintiff's harassment claims fail because she does not allege that she was subject to any severe or pervasive conduct on the basis of race, sex, or national origin. Even though Plaintiff claims that "she was having a nervous breakdown and experiencing physical health problems as the direct result of . . . the hostile work environment," *see* Compl. ¶ 114, these reactions alone, even if caused by her job, are not enough to state a plausible harassment claim. *See, e.g., Lebowitz v. New York City Dep't of Educ.*, No. 15-cv-2890, 2017 U.S. Dist. LEXIS 50950 (E.D.N.Y. March 31, 2017) ("[a]lthough [Plaintiff] alleges facts that would indicate that he subjectively perceived his work environment to be hostile, including that he experienced PTSD and anxiety, [he does] not plead facts showing that it was objectively so. Accordingly, this claim is dismissed. . . ."). The Complaint fails to state a hostile work environment claim because the allegations do not involve conduct that was so extreme or frequent that it can be deemed severe or pervasive.

It has been repeatedly held that "ordinary tribulations of the workplace" are not objectively severe enough to establish a hostile work environment. *See, e.g., Faragher v. City of Boca Raton*, 524 U.S. 775, 778 (1998). Dr. Merzianu's alleged e-mail "attacks" and the alleged "threats" of termination are not objectively severe. *See* Compl. ¶¶ 77, 78, 100, 104. Moreover,

18

petty slights and trivial inconveniences do not constitute severe conduct. *Lebowitz,* 2017 U.S. Dist. LEXIS 50950, at *4. As such, Plaintiff's allegations that she was required to cover for other doctors during certain time periods simply do not rise to the requisite level of severity. *See* Compl. ¶ 99. Moreover, Plaintiff's allegations that she was excluded from participating in the Tumor Board are also not sufficiently severe, even if Plaintiff believes those decisions were unfair to her. *See* Compl. ¶¶ 57-73, 75; *Fattoruso v. Hilton Grand Vacations Co., LLC*, 873 F. Supp. 2d 569, 579 (S.D.N.Y. 2012), *aff'd* 525 Fed. Appx. 26 (2d Cir. May 17, 2013) ("'unfairness' does not equate to hostility, no matter how inequitable"). Plaintiff's allegations of bad evaluations and receiving certain directives from Dr. Azabdaftari are also insufficient. *See* Compl. ¶¶ 93, 95, 92, 126-133; *Williams v. City of New York*, No. 11 Civ. 9679, 2012 U.S. Dist. LEXIS 112482, at *26 (S.D.N.Y. Aug. 8, 2012) (quoting *Lucenti v. Potter*, 432 F. Supp. 2d 347, 362 (S.D.N.Y. 2006)) ("[a]llegations of even constant reprimands and work criticism by themselves are not sufficient to establish a hostile environment claim"). The alleged failure to transfer Plaintiff is also not objectively severe. *See* Compl. ¶ 108; *Bowen-Hooks v. City of N.Y.*, 13 F. Supp. 3d 179, 236 (E.D.N.Y. 2014) (dismissing hostile work environment claim where Plaintiff alleged she was assigned to an undesirable unit, denied a transfer to a desirable location, and subjected to a barrage of disciplinary actions and excessive scrutiny because the court did not find her change in assignment and denial of a transfer to have had a severe or pervasive impact on her working conditions). Therefore, Plaintiff has not alleged any objectively severe conduct that can support a plausible harassment claim.

The Complaint is also devoid of any allegedly pervasive conduct. "As a general rule, to constitute a hostile work environment, incidents must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive." *Sotomayor v. City of*

*New York*, 862 F. Supp. 2d 226, 261 (E.D.N.Y. 2012) (internal citations and quotations omitted). Here, Plaintiff has not alleged any continuous or concerted conduct. Rather, the various alleged workplace tribulations involved different co-workers and took place sporadically over the course of several years. These isolated incidents do not together rise to the level of pervasiveness necessary to plead a plausible hostile work environment claim. *See Alfano v. Costello*, 294 F.3d 365, 374 (2d Cir. 2002) ("[i]solated acts, unless very serious, do not meet the threshold of severity or pervasiveness").

Many of the allegations upon which Plaintiff bases her harassment claims are also so devoid of factual substance that they cannot support a plausible claim for relief. Plaintiff alleges that she was subjected to e-mail "attacks" and "threats" of termination without specifying when or how often such instances occurred or the nature of what was said or done. *See, e.g.*, Compl. ¶¶ 77, 100, 104. She also routinely fails to connect these or any of her other allegations of purportedly harsh treatment to any protected category, such as her race, national origin, or sex. These shortcomings are fatal to her claims.

Vague and conclusory allegations like those found in Plaintiff's Complaint are insufficient to state a claim "because the precise frequency of [the alleged conduct] is of great importance in analyzing a hostile work environment claim." *Panayiotou v. N.Y.C. Dep't of Educ.*, No. 18-cv-06522-AMD-SMG, 2019 U.S. Dist. LEXIS 101721, at *12 (E.D.N.Y. June 12, 2019) (finding insufficient the plaintiff's allegation that discriminatory remarks were "frequent"); *see also, e.g., Giordani v. Legal Aid Soc'y*, No. 17-cv-5569, 2018 U.S. Dist. LEXIS 201378, at *7 (E.D.N.Y. Nov. 27, 2018) (noting that the plaintiff's complaint lacked "detail as to how many times or how frequently" harassment occurred and that his "allegation that the abuse was systemic is simply too vague, because the precise frequency of such comments is of great

20

importance in analyzing a hostile work environment claim") (quotation mark omitted). The lack of factual substance to support Plaintiff's harassment claims renders them insufficient as a matter of law.

For these reasons, Plaintiff has failed to allege facts establishing a hostile work environment, and her harassment claim should be dismissed.

**(B)      Plaintiff's Title VII, NYHRL, § 1981, and § 1983 Retaliation Claims Should Be Dismissed Because They Are Insufficiently Pled.**

Plaintiff's Title VII, NYHRL, § 1981 and § 1983 retaliation claims in the fifth, thirteenth, sixteenth, and seventeenth causes of action should be dismissed because Plaintiff does not sufficiently allege that she engaged in, or that Roswell Park was aware that she engaged in, any protected activity.

"To successfully plead a retaliation claim under Title VII and NYSHRL, plaintiff must plausibly allege, '(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse action; and (4) a causal connection between the protected activity and the adverse employment action.'" *Gomez v. Stonybrook Univ.*, No. 14-cv-7219, 2016 U.S. Dist. LEXIS 16542, at *21 (E.D.N.Y. Jan. 28, 2016) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 316 (2d Cir. 2015); *see also Gomez*, U.S. Dist. LEXIS, at *33 ("Retaliation claims are analyzed under the same standard for NYSHRL and Title VII."). "Two activities qualify as protected activities: where an employer retaliates against plaintiff because (1) she opposed any practice made unlawful by Title VII, or (2) she made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under Title VII." *Id.* (internal quotations omitted).

The Second Circuit has held that "'implicit in the requirement that the employer have been aware of the protected activity is the requirement that it understood, or could reasonably

have understood, that the plaintiff's [complaint] was directed at conduct prohibited by Title VII.'" *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 107-08 (2d Cir. 2011) (quoting *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 292 (2d Cir. 1998)). In *Rojas,* the court held that where complaints are generalized, the employer could not reasonably have understood that the plaintiff was complaining of "conduct prohibited by Title VII." 660 F.3d at 108. *See also Eliacin v. Cty. of Broome*, 488 F. App'x 504, 505 (2d Cir. 2012) (applying the holding to a case involving a motion to dismiss).

Here, Plaintiff alleges nothing more than generalized complaints that are not clearly tied to any conduct prohibited by Title VII. Her conclusory allegations are insufficient to establish the existence of any protected activity or that Defendants were aware of her engaging in any protected activity. Plaintiff's allegations of purported protected activity are as follows: (a) Plaintiff "complained about discrimination by Dr. Mihai Merzianu," Compl. ¶ 213; (b) she "made complaints of discrimination and hostile work environment by Dr. Azabdaftari to Dr. LeVea," *id.* ¶ 214, (c) she "made a written complaint about Dr. Azabdaftari to Mr. Errol Douglas at the HR," *id.* ¶ 217, and (d) she "made a written complaint about Dr. Azabdaftari to the Union," *id.* at ¶ 218.

Plaintiff provides minimal details regarding the substance of these alleged internal complaints or the purported "discrimination" or "hostile work environment" that she allegedly complained about. It is entirely unclear whether her alleged complaints were directed at conduct that was prohibited by law or connected to any protected status. Under these circumstances, Plaintiff has failed to plausibly allege that she engaged in protected activity for purposes of her Title VII, NYHRL, § 1981, and § 1983 retaliation claims. *See Bakeer v. Nippon Cargo Airlines, Co.*, No. 09-cv-3374, 2011 U.S. Dist. LEXIS 90102, at *141 (E.D.N.Y. July 25, 2011)

(dismissing retaliation claims where the plaintiff's allegations "do not contain any facts, specifics, or examples of actual complaints that were made or other protected activity that plaintiffs engaged in," reasoning that "in the absence of, at minimum, factual allegations as to when complaints were made, what the subject of the alleged complaints were, and an indication as to whom the complaints were conveyed, it is hard to see how defendants can be said to have received fair notice sufficient to prepare a defense"); *Grant v. N.Y. State Office for People with Developmental Disabilities*, No. 12-cv-04729, 2013 U.S. Dist. LEXIS 107565, at *27 (E.D.N.Y. July 30, 2013) (dismissing retaliation claim where "there are no factual allegations in the complaint from which it may plausibly be inferred either that plaintiff himself possessed a good-faith belief that he was complaining . . . of conduct prohibited by Title VII or that defendants could have understood his complaints . . . in that way").

Even if she had sufficiently alleged a protected activity (which she has not), Plaintiff also fails to allege a causal connection between any such protected activity and an adverse action. Instead, she merely states that she made the internal complaints and that she was terminated. She fails to identify any causal relationship, let alone a "but for" causal relationship, between the complaints and the termination. *See Davis v. Erie Cty. Sheriff Dep't*, No. 17-cv-955, 2018 U.S. Dist. LEXIS 12502, at *14 (W.D.N.Y. Jan. 23, 2018) (explaining that, for a Title VII retaliation claim to survive a motion to dismiss, "the plaintiff must plausibly allege that the retaliation was a 'but-for' cause of the employer's adverse action").

For all of these reasons, Plaintiff's Title VII, NYHRL, § 1981, and § 1983 retaliation claims in the fifth, thirteenth, sixteenth, and seventeenth causes of action should be dismissed.

23

**(C)** **Plaintiff's Title VII, NYHRL, § 1981, and § 1983 Discrimination Claims Should Be Dismissed Because Plaintiff Does Not Allege Any Adverse Employment Action to Support These Claims.**

Plaintiff's Title VII, NYHRL, § 1981, and § 1983 discrimination claims in the <u>first</u>, <u>third</u>, <u>fourth</u>, <u>ninth through twelfth</u>, <u>fifteenth</u>, and <u>seventeenth</u> causes of action should be dismissed because Plaintiff does not allege that these claims are based on any adverse employment action.

Although a plaintiff asserting discrimination claims under Title VII, the NYHRL, § 1981 and § 1983 need not plead a *prima facie* case to survive a motion to dismiss, she must nevertheless allege facts to "provide 'at least minimal support for the proposition that the employer was motivated by discriminatory intent.'" *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84-85 (2d Cir. 2015) (quoting *Littlejohn*, 795 F.3d at 311). *See also Johnson v. Long Island Univ.*, 58 F. Supp. 3d 211, 220 (E.D.N.Y. Sept. 30, 2014) (internal citations omitted) ("Disparate treatment claims brought under Title VII, Section 1981, and the NYSHRL are all analyzed under the same standard."); *Vega*, 801 F.3d at 88 ("Once the color of law requirement is met, a plaintiff's equal protection claim parallels his Title VII claim . . . [t]hus, for a § 1983 motion to dismiss, a plaintiff must plausibly allege a claim under the same standards applicable to a Title VII claim and that the adverse action was taken by someone acting under color of state law") (internal citations omitted).

To plead discriminatory intent, the plaintiff must allege two elements: "(1) the employer discriminated against [her] (2) because of [her] race, color, religion, sex, or national origin." *Vega*, 801 F.3d at 85. In *Vega*, the Second Circuit held that, even at the pleading stage, a plaintiff must allege that the employer engaged in discrimination by "taking are adverse action against [her]." 801 F.3d at 85. Adverse action has been explained as follows:

24

> A plaintiff sustains an adverse employment action if he or she
> endures a materially adverse change in the terms and conditions of
> employment. *Galabya v. N.Y.C. Bd. of Educ.*, 202 F.3d 636, 640
> (2d Cir. 2000). An adverse employment action is one which is
> more disruptive than a mere inconvenience or an alteration of job
> responsibilities. *Terry v. Ashcroft*, 336 Fad 128, 138 (2d Cir.
> 2003). Examples of materially adverse changes include termination
> of employment, a demotion evidenced by a decrease in wage or
> salary, a less distinguished title, a material loss of benefits,
> significantly diminished material responsibilities, or other indices
> unique to a particular situation.

*Id.*

None of the alleged conduct on which Plaintiff appears to base her Title VII, NYHRL, §

1981, or § 1983 claims (which is largely redundant of the conduct she claims also created a

hostile work environment) constitutes an adverse employment action.  Specifically, the following

are not adverse actions and cannot support a discrimination claim:

- Plaintiff's salary level, which was never decreased.  *See* Compl. ¶¶ 57-73;
  *Snyder v. Town of Potsdam*, No. 16-cv-1462, 2018 U.S. Dist. LEXIS 203118,
  at *36 (N.D.N.Y. 2018) ("[T]here is no evidence before the Court that
  Plaintiff's pay was actually decreased, that he was demoted, or that he
  sustained any adverse employment action.").[3]

- Plaintiff's alleged exclusion from participating in the Tumor Board.  *See*
  Compl. ¶ 75; *Moore v. Verizon*, No. 13-cv-6467, 2016 U.S. Dist. LEXIS
  16201, at *25 (S.D.N.Y. Feb. 5, 2016) ("The allegations that Plaintiff's calls
  were monitored, that she was excluded from team meetings, and that her
  seating assignment was changed . . . likewise do not support an inference of
  adverse employment action"); *Chung v. City Univ. of N.Y.*, 605 F. App'x 20,
  22 (2d. Cir. 2015) (exclusion from meetings not an adverse employment
  action).

- Dr. Merzianu's alleged e-mail "attacks."  *See* Compl. ¶ 78; *Slinkosky v. Buffalo
  Sewer Auth.*, No. 97-cv-0677, 2000 U.S. Dist. LEXIS 9403, *8 (W.D.N.Y.
  June 29, 2000) (ruling against the plaintiff for failing "to show that the

---

[3] Additionally, Plaintiff has not alleged that she was paid less than similarly-situated co-workers,
as is required to state a Title VII claim based on an alleged pay disparity. *See Whitt v. Kaleida
Health*, 298 F. Supp. 3d 558, 574 (W.D.N.Y. 2018).  Rather, as discussed in Point IV(F), she
attempts to compare herself (and her pay) to co-workers with substantially different
responsibilities and roles than her.

reprimand [letters] affected the compensation, promotion opportunities, or any other term, privilege, or condition of her employment").

- Plaintiff's alleged receipt of certain work directives from Dr. Azabdaftari, which Plaintiff refused to follow. *See* Compl. ¶ 92; *Vale v. Great Neck Water Pollution Control Dist.*, 80 F. Supp. 3d 426, 434 (E.D.N.Y. 2015) ("Where assignments fall within the duties of a plaintiff's position, receiving unfavorable . . . work assignments does not rise to the level of an adverse employment action") (internal citations omitted).

- Plaintiff's alleged bad evaluations. *See* Compl. ¶¶ 93, 95; *Trachtenberg v. Dep't of Educ.*, 937 F. Supp. 2d 460, 469 (S.D.N.Y. 2013) ("[I]n the absence of negative consequences attaching to the alleged negative performance evaluations or other reprimands, courts in this district have repeatedly found no adverse employment action").

- Plaintiff's allegations that she was required to cover for other doctors. *See* Compl. ¶¶ 99. *Arroyo-Horne v. City of New York*, No. 16-cv-03857 (MKB), 2018 U.S. Dist. LEXIS 151183, at *24 (E.D.N.Y. Sept. 5, 2018) ("A change in schedule, without more, is not an adverse employment action for purposes of a discrimination claim").

- Various alleged "threats" of termination. *See* Compl. ¶¶ 100, 104; *Snyder v. Town of Potsdam*, 2018 U.S. Dist. LEXIS 203118 (NDNY 2018) (quoting *Honey v. Cnty. of Rockland*, 200 F. Supp. 2d 311, 320 (S.D.N.Y. 2002) ("Courts in the Second Circuit 'have found that reprimands, threats of disciplinary action and excessive scrutiny do not constitute adverse employment actions in the absence of other negative results such as a decrease in pay or being placed on probation'").

In addition to this alleged conduct not rising to the level of adverse actions, Plaintiff's discrimination claims are also deficient because she does not connect many of these adverse actions to any protected category. In other words, she fails to identify any basis to believe this alleged conduct is discriminatory. For instance, she does not allege that the purported bad evaluations (Compl. ¶¶ 93, 95), work directives (Compl. ¶ 92), or threats of termination (Compl. ¶¶ 100, 104) had anything to do with her race, national origin, sex, or any other protected characteristic.

Because Plaintiff's Title VII, NYHRL, § 1981, and § 1983 discrimination claims in the first, third, fourth, ninth through twelfth, fifteenth, and seventeenth causes of action are not based

26

on any alleged adverse employment action and are otherwise insufficiently pled, these claims should be dismissed.

**(D)**    **The Individual Defendants Are Not Subject to Liability for Aiders and/or Abettors Under the NYHRL.**

Plaintiff's claims in the fourteenth cause of action against the Individual Defendants for aiding/abetting in violation of the NYHRL fail as a matter of law.  A person may be individually liable under the NYHRL if he or she aids, abets, incites, compels, or coerces the discriminatory conduct. *Matusick v. Erie Ct. Water Auth.*, 757 F.3d 31, 53 (2d Cir. 2014); *see* N.Y. Exec. Law § 296(6). The only allegations provided by Plaintiff to support her claim are occasional conclusory statements that one or more of the Individual Defendants "aided or abetted the discrimination," without identifying the alleged "discrimination" or describing the Individual Defendants' involvement. *See* Compl. ¶¶ 90, 106, 150. These mere "labels and conclusions" fail to meet the basic pleading standards. *See Twombly*, 550 U.S. at 555

Plaintiff's claim should also be dismissed because "[a]iding and abetting is only a viable theory where an underlying violation has taken place." *Falchenberg v. N.Y. State Dep't of Educ.*, 338 Fed. Appx. 11, 14 (2d Cir. 2009).  Here, as discussed fully above, Plaintiff fails to allege any underlying conduct that constitutes unlawful discrimination or harassment. Furthermore, to the extent Plaintiff's aiding/abetting claim against each of the Individual Defendants is based on his or her own conduct, those claims should be dismissed. *See Ireland v. Rochester Inst. Of Tech.*, No. 19-cv-6392-FPG, 2019 U.S. Dist. LEXIS 185418, at 19 (W.D.N.Y. Oct. 25, 2019) (Geraci, J.) ("[plaintiff] alleges only that [individual defendant] participated in the sexually harassing conduct, and therefore [plaintiff] cannot hold her liable as an aider and abettor in this regard").  For these reasons, Plaintiff's aiding/abetting claims against the Individual Defendants in the fourteenth cause of action should be dismissed.

27

**(E)**     **Plaintiff's Claims Under NYLL §§ 740 and § 741 Are Insufficiently Pled.**

Plaintiff's NYLL §§ 740 and 741 whistleblower claims in the <u>eighteenth</u> cause of action must be dismissed because she has failed to allege the central element of those claims. Namely, Plaintiff has not alleged that the conduct about which she purportedly "blew the whistle" violated any law, rule, or regulation (as required for a NYLL § 740 claim) or that she reasonably believed the conduct violated any law, rule, regulation, or declaratory ruling (as required for a NYLL § 741 claim).

NYLL § 740 prohibits employers from taking retaliatory action against an employee because she "discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer that is in <u>violation of law, rule or regulation</u> which violation creates and presents a substantial and specific danger to the public health or safety." NYLL § 740(2)(a) (emphasis added). NYLL § 741 prohibits employers from taking retaliatory action against an employee because the employee "discloses or threatens to disclose to a supervisor, or to a public body an activity, policy or practice of the employer or agent that the employee, in good faith, reasonably believes constitutes improper quality of patient care." NYLL § 741(2)(a). The term "improper quality of patient care" is defined to mean "any practice…which <u>violates any law, rule, regulation or declaratory ruling</u> adopted pursuant to law, where such violation relates to matters which may present a substantial and specific danger to public health or safety or a significant threat to the health of a specific patient." NYLL § 741(1)(d) (emphasis added).

Here, Plaintiff only alleges that she "expressed her concern" to Roswell Park that one of her colleagues improperly performed a medical procedure. Compl. ¶ 151. Although Plaintiff may not be required to identify the actual law, rule, regulation, or declaratory ruling that was violated (*see Webb-Weber v. Community Action for Human Servs., Inc.*, 23 N.Y.3d 448 (2014)), she

28

certainly needs to allege a reasonable belief that <u>some</u> law, rule, regulation, or declaratory ruling was violated (*see Minogue*, 100 A.D.3d at 72-73 (explaining that, to state a NYLL § 741 cause of action, a complaint is required to allege a "good faith, reasonable belief that there has been a violation of the applicable standards")). Where, as is the case here, the plaintiff has pled no basis to believe that any law, rule, regulation, or declaratory ruling was violated, then there can be no violation of NYLL §§ 740 or 741. Accordingly, the <u>eighteenth</u> cause of action should be dismissed.

**(F)**     <u>**Plaintiff's EPA Claim Should Be Dismissed Because Plaintiff Does Not Allege That She Was Paid Less than Male Employees Performing Substantially Similar Work.**</u>

Plaintiff's claim for violation of the EPA in the <u>nineteenth</u> cause of action should be dismissed. To survive a Rule 12(b)(6) motion to dismiss a purported claim under the EPA, the plaintiff must proffer factual support for the allegation that her employer violated the EPA. *See Frasier v. Gen. Elec. Co.*, 930 F.2d 1004, 1007-08 (2d Cir. 1991). To meet this standard, the plaintiff must plead that, in addition to paying different wages to persons of the opposite sex, "the employees perform equal work in positions requiring equal skill, effort and responsibility" and "the jobs are performed under similar working conditions." *McCullough v. Xerox Corp.*, 224 F. Supp. 3d 193, 196 (W.D.N.Y. 2016) (citing *EEOC v. Port Auth. of N.Y. and N.J.*, 768 F.3d 247, 254-55 (2d Cir. 2014); *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1310 (2d Cir. 1995)).

Thus, at the pleading stage, "a plausible EPA claim must include 'sufficient factual matter, accepted as true' to permit 'the reasonable inference' that the relevant employees' job *content* was 'substantially equal'" to work done by members of the opposite sex. *Port Auth. of N.Y. and N.J.*, 768 F.3d at 256 (quoting *Iqbal*, 556 U.S. at 678) (emphasis in original). This requires a showing that the jobs "entail common duties or content, and do not simply overlap in

titles." *Id.* at 255 (*citing Tomka*, 66 F.3d at 1310). In other words, the plaintiff must make specific allegations "about the actual content of the work" and cannot simply rest on "broad generalizations drawn from job titles." *Id.* at 251, 256.

Here, Plaintiff wholly fails to adequately plead a claim under the EPA. The only male employees that Plaintiff alleges were paid higher salaries than her are Dr. Merzianu and Dr. Norbert Sule. To the extent Plaintiff alleges she was paid less than Dr. Merzianu, she fails to state an EPA claim. Plaintiff acknowledges that she and Dr. Merzianu at least differed in the level of responsibility required of their jobs. According to Plaintiff, Dr. Merzianu was the head of Head and Neck Pathology service, while Plaintiff was a pathologist who worked underneath him and other supervisors. Compl. ¶ 56. Plaintiff also fails to state an EPA claim based on an alleged lower salary than Dr. Sule. According to Plaintiff, she was contractually obligated to spend seventy percent of her time in clinical activities and thirty percent of her time in academic and research activities. *Id.* ¶ 52. Her clinical time was divided between Cytopathology and Heath and Neck pathology in a 2:1 ratio. *Id.* Plaintiff makes no allegation that Dr. Sule performed any academic or research activities. She also does not allege that he performed any Cytopathology services. Rather, Plaintiff alleges only that Dr. Sule was a pathologist in the Head and Neck Pathology service. *Id.* ¶ 56. She therefore has not alleged performance of substantially similar work with respect to either Dr. Merzianu or Dr. Sule. As such, her EPA claims must be dismissed. *See Black v. New York University Medical Center*, 1996 U.S. Dist. LEXIS 7178, No. 94-cv-9074, at *12 (S.D.N.Y. May 24, 1996) (dismissing EPA claim for plaintiff's failure "at least [to] allege some facts upon which she rests her contention that men doing substantially similar work to hers . . . are paid more on account of their gender").

## VI.   <u>PLAINTIFF'S REQUEST FOR PUNITIVE DAMAGES AGAINST ROSWELL PARK SHOULD BE DISMISSED.</u>

Plaintiff cannot recover punitive damages against Roswell Park.  Under New York law, "the State and its political subdivisions are not subject to punitive damages." *Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 386 (1987); *see also Krohn v. N.Y.C. Police Dep't*, 372 F.3d 83, 86 (2d Cir. 2004) (after certifying question to the New York State Court of Appeals, affirming district court judgment vacating punitive damages award against the city in gender discrimination case); *Hargett v. Metro. Transit Auth.*, 552 F. Supp. 2d 393, 404 (S.D.N.Y. 2008) (citing *Clark-Fitzpatrick*, granting request to dismiss punitive damages). Punitive damages differ from compensatory damages in that they "are not intended to compensate the injured party but to punish the tort-feasor for his conduct and to deter him and others like him from similar action in the future." *Sharapata v. Town of Islip*, 56 N.Y.2d 332, 335-36 (1982). Thus, courts reason that "the goals of punishment and deterrence are not served when punitive damages are imposed against the State, for in such circumstances, it ultimately is the innocent taxpayer who is punished."  *Clark-Fitzpatrick*, 70 N.Y.2d at 386; *see also Sharapata*, 56 N.Y.2d at 338-39 ("it would be anomalous to have 'the persons who bear the burden of punishment, *i.e.* the taxpayers and citizens', constitute 'the self-same group who are expected to benefit from the public example which the granting of such damages supposedly makes of the wrongdoer'") (quoting *Sharapata v. Town of Islip*, 82 A.D.2d 350, 363 (2d Dep't 1981)).

Public benefit corporations such as Roswell Park have been held to be immune from punitive damages, like the state and its political subdivisions, where the public benefit corporation serves an "essential public function" and receives significant public funding.  *Clark-Fitzpatrick, Inc.*, 70 N.Y.2d at 386-87.  For example in *Clark-Fitzpatrick*, the Court of Appeals

held that the Long Island Rail Road Company ("LIRR") was immune to punitive damages by relying in part on its enabling statute, which expressly stated that LIRR was formed "in all respects for the benefit of the people of the state of New York" and that "the authority shall be regarded as performing an essential governmental function." *Id.* at 387; see Pub. Auth. Law § 1264. The Court of Appeals further relied upon the fact that forty-nine percent of LIRR's total expenses were financed from outside, mainly public sources. *Id.* at 388.

Here, Plaintiff's request for punitive damages should be dismissed because Roswell Park serves an essential public function and receives significant public funding. Roswell Park's enabling legislation mirrors the statute discussed in *Clark-Fitzpatrick*. Indeed, Public Authorities Law § 3551 states that Roswell Park was created "in all respects for the public benefit of the people of New York, is a public purpose, and the exercise by such corporation of its functions, powers and duties constitutes the performance of an essential public and governmental function." Pub. Auth. Law § 3551 (emphasis added).

Roswell Park further satisfies the standard in *Clark-Fitzpatrick* because it receives significant funding from New York State programs and taxpayer revenues. Publicly available disclosures indicate that Roswell Park maintains a public employee workforce, and that its operating revenues are considered to be State revenues for the purposes of bond payment. *See* "Roswell Park Cancer Institute Corporation Section 203 Budget Filing Fiscal Year 2018-2019" at 2, https://www.roswellpark.org/sites/default/files/section203-budget-filing-fy-2018-2019-final.pdf. Roswell Park also received over $100 million in state subsidies in 2017, and is projected to receive similar amounts in state subsidies in 2020-2021. *Id.* at 8. Like in *Clark-Fitzpatrick*, because the State and taxpayers provide significant funding to Roswell Park, any imposition of punitive damages would ultimately only harm the taxpayers of New York State.

Given Roswell Park's essential public function and funding, Plaintiff cannot recover punitive damages against it. *See Underwood v. Roswell Park Cancer Inst.*, 2017 U.S. Dist. LEXIS 5689, at *60-61 (W.D.N.Y. Jan. 13, 2017) (finding that the plaintiff "is precluded from recovering punitive damages against Roswell Park"). Therefore, Plaintiff's demand for punitive damages should be dismissed.

## CONCLUSION

For all of the reasons set forth above, this Court should dismiss the Complaint in its entirety, with prejudice.


DATED:   Buffalo, New York
         November 15, 2019

                              **BOND, SCHOENECK & KING, PLLC**

                              By:   /s/Michael E. Hickey, Esq.
                                    Michael E. Hickey, Esq.
                                    Mary E. Aldridge, Esq.
                              Avant Building, Suite 900
                              200 Delaware Avenue
                              Buffalo, New York, 14202-2107
                              (716) 416-7000
                              mhickey@bsk.com
                              maldridge@bsk.com
                              *Attorneys for Defendants*

                                                      1339821v6

33