UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JANE ZHOU,

      Plaintiff,

  v.                                            19-CV-1200-LJV-MWP
                                                        DECISION & ORDER

ROSWELL PARK CANCER INSTITUTE
CORPORATION, *et al.*,

      Defendants.

---

On September 6, 2019, the plaintiff, Jane Zhou, M.D., commenced this action under Title VII of the Civil Rights Act of 1964 ("Title VII"); the Americans with Disabilities Act of 1990; the Family and Medical Leave Act of 1993; the New York State Human Rights Law ("NYSHRL"); 42 U.S.C. §§ 1981 and 1983; New York Labor Law §§ 740 and 741; and the Equal Pay Act of 1963.[1]  Docket Item 1.  Dr. Zhou alleges that the defendants, Roswell Park Cancer Institute Corporation ("Roswell Park"); Candace Johnson, Ph.D.; Charles LeVea, M.D.; Gissou Azabdaftari, M.D.; and Mihai Merzianu, M.D., discriminated against her on the basis of race, national origin, gender, and disability and that they retaliated against her as well.  *See id.*

On November 15, 2019, the defendants moved to dismiss many of Dr. Zhou's claims as untimely or insufficiently pleaded.  Docket Item 6.  On January 6, 2020, Dr. Zhou responded, Docket Item 12, and on January 28, 2020, the defendants replied,

---

[1] This case originally was assigned to Hon. Elizabeth A. Wolford and then was transferred to Hon. John L. Sinatra, Jr.  Docket Item 11.  On August 20, 2021, it was transferred to the undersigned.  Docket Item 26.

Docket Item 13.  On March 3, 2020, the matter was referred to Hon. Hugh B. Scott, United States Magistrate Judge, for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B).[2]  Docket Item 14.

On July 1, 2020, Judge Scott issued a Report and Recommendation ("R&R") finding that the motion to dismiss should be granted in part.  Docket Item 15.  More specifically, Judge Scott found that the motion to dismiss should be granted as to Dr. Zhou's Title VII claims based on discrete acts of discrimination that occurred before February 7, 2018; her Title VII claim for a hostile work environment; her NYSHRL claims against the individual defendants; her section 1981 claims; her Labor Law claims; and her request for punitive damages.  *Id.*  He also found that this Court should grant Dr. Zhou's request to withdraw her NYSHRL claims for aiding and abetting prohibited conduct.  *Id.*  On August 14, 2020, Dr. Zhou objected to the R&R, Docket Item 18; on August 28, 2020, the defendants responded, Docket Item 19; and on September 11, 2020, Dr. Zhou replied, Docket Item 22.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully and thoroughly reviewed the R&R; the record in this case; the objection, response, and reply; and the materials submitted to Judge Scott.

---

[2] After Judge Scott passed away earlier this year, the matter was reassigned to Magistrate Judge Marian W. Payson.  Docket Item 25.

Based on that *de novo* review, and for the reasons that follow, the Court affirms and adopts the R&R in part and grants the motion to dismiss in part.[3]

## DISCUSSION

### I. TIMELINESS

Dr. Zhou objects to the R&R's finding that her Title VII claim for a hostile work environment and her Labor Law claims should be dismissed as untimely. Docket Item 18 at 3-6, 10-11.

#### A. Hostile Work Environment Claim

In New York, a plaintiff suing under Title VII must "file an administrative charge of discrimination with the [Equal Employment Opportunity Commission ('EEOC')] no more than 300 days after the alleged discriminatory act to maintain an action in federal court." *Ellis v. Delphi Corp.*, 2009 WL 3671371, at *2 (W.D.N.Y. Oct. 29, 2009). This requirement applies "to each discrete act of alleged discrimination." *Id.* at *2-3.

"[A] different rule applies with regard to hostile work environment claims," however. *Zoulas v. New York City Dep't of Edu.*, 400 F. Supp. 3d 25, 50 (S.D.N.Y. 2019) (citation omitted). "Hostile [work] environment claims are different in kind from discrete acts. Their very nature involves repeated conduct." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115 (2002). Therefore, "as long as any act contributing to the hostile work environment claim falls within the 300-day period, 'the entire time

---

[3] The Court assumes the reader's familiarity with the facts alleged in the complaint, *see* Docket Item 1, and the analysis in the R&R, *see* Docket Item 15.

period of the hostile environment may be considered by a court for the purposes of determining liability.'" *Zoulas*, 400 F. Supp. 3d at 50 (citing *Morgan*, 536 U.S. at 117).

Dr. Zhou filed a charge of discrimination with the EEOC on December 4, 2018. Docket Item 1 at ¶ 33. Therefore, Dr. Zhou's hostile work environment claim is timely only if she alleges a contributing act that occurred within 300 days of that date—that is, on or after February 7, 2018. The R&R found that her hostile work environment claim was untimely because "[t]he [c]ourt . . . d[id] not see any event in the complaint that postdates February 7, 2018[,] and that could serve as an anchor for other manifestations of a hostile work environment that preceded that date." Docket Item 15 at 8. This Court respectfully disagrees.

Although many of Dr. Zhou's allegations are undated, her complaint alleges that her colleagues harassed and discriminated against her throughout her employment and until her employment was terminated on March 30, 2018. *See* Docket Item 1. For example, the complaint alleges that Dr. Merzianu frequently sent Dr. Zhou threatening and harassing emails and that he did so "till [sic] shortly before Dr. Zhou's termination." *Id.* at ¶ 79. Moreover, Dr. Zhou alleges that Dr. Azabdaftari "repeatedly told Dr. Zhou that she has 'hooded eyes.'" *Id.* at ¶ 88. And Dr. Zhou says that Dr. Azabdaftari regularly intimidated Dr. Zhou by suggesting that Dr. Azabdaftari could—and would—fire Dr. Zhou and by orchestrating conflicts between Dr. Zhou and her colleagues. *See, e.g.*, *id.* at ¶¶ 92, 100, 104. Drawing all inferences in Dr. Zhou's favor, as this Court must on a motion to dismiss, *see Trustees of Upstate New York Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016), the Court concludes that the hostile work environment claim is timely as pleaded.

What is more, there is no reason to believe that Dr. Zhou's work environment abruptly changed on February 7, 2018, and that the intimidation, harassment, and derogatory comments she alleges somehow stopped as of that date. *See Morgan*, 536 U.S. at 115 (The "very nature" of hostile work environment claims "involve[] repeated conduct."). And that is especially so given the R&R's finding that the complaint adequately alleged discrete acts of discrimination that postdated February 7, 2018. *See* Docket Item 15 at 8-9. For that reason as well, Dr. Zhou has sufficiently alleged contributing discriminatory acts that postdate February 7, 2018.

In sum, Dr. Zhou alleges continuous discrimination that lasted until her employment was terminated on March 30, 2018. At this early stage of the litigation, the Court must accept those allegations as true and draw all reasonable inferences from them. *See Trustees of Upstate New York*, 843 F.3d at 566. Therefore, this Court respectfully disagrees with the R&R's conclusion that the hostile work environment claim is untimely as a matter of law, and the motion to dismiss is denied as to that claim.

  **B.**  **Labor Law Section 740 and 741 Claims**

Claims brought under section 740 of the New York Labor Law are subject to a one-year statute of limitations. N.Y. Lab. L. § 740(4)(a). Claims brought under section 741, on the other hand, are subject to a two-year statute of limitations. *Id.* § 740(d) ("Notwithstanding the provisions of paragraphs (a) and (c) of this subdivision, a health care employee who has been the subject of a retaliatory action by a health care employer in violation of section seven hundred forty-one of this article may institute a civil action in a court of competent jurisdiction for relief as set forth in subdivision five of this section within two years after the alleged retaliatory personnel action was taken.").

5

Dr. Zhou has raised claims under both sections.  *See* Docket Item 1 at 65.  As the R&R correctly found, "the most recent possible date for any events pertaining to [Dr. Zhou's Labor Law claims] would be March 30, 2018, the date of [Dr. Zhou]'s termination."  *See* Docket Item 15 at 9.  Therefore, the statute of limitations for Dr. Zhou's section 740 claims expired on March 30, 2019, nearly six months before she commenced this action on September 6, 2019.  *See* Docket Item 1.  But the statute of limitations for her section 741 claims did not expire until March 30, 2020.

For that reason, the Court disagrees with the R&R that all Dr. Zhou's Labor Law claims are untimely.  Her section 740 claims are untimely and therefore are dismissed.  But because her section 741 claims were filed before the two-year statute of limitations expired, the motion to dismiss is denied as to those claims.

## II.   STATE ACTOR

Dr. Zhou also objects to the R&R's finding that Roswell Park is a state actor both for purposes of section 1981 and for the availability of punitive damages.  Docket Item 18 at 6-10, 12.

### A.   Section 1981 Claims

The Second Circuit has held that state actors, including municipalities, cannot be sued under section 1981.  *See Duplan v. City of New York*, 888 F.3d 612, 621 (2d Cir. 2018) ("We . . . join nine of our sister Circuits in concluding that [section] 1981 does not provide a separate private right of action against state actors."); *see also Sooroojaballi v. Port Auth. of N.Y. & N.J.*, 816 F. App'x 536, 539 n.1 (2d Cir. 2020) (construing the plaintiff's section 1981 claim against a municipality as a section 1983 claim) (summary order).

6

The R&R found that Roswell Park was like a municipality for purposes of Dr. Zhou's section 1981 claims and, consequently, that Roswell Park and its employees are state actors that cannot be liable under that statute. Docket Item 15 at 13-14. More specifically, Judge Scott found that as a public hospital created under the New York Public Authorities Law, Roswell Park "is entitled to the same status . . . as a municipality" for purposes of section 1981 liability. *See* Docket Item 15 at 13.

Dr. Zhou argues that was error. In support of her argument, she cites *Sulieman v. Roswell Park Cancer Inst.*, 2008 WL 2690278, at *1, *13 (W.D.N.Y. June 30, 2008) (adopting R&R), where the Court found that Roswell Park was not an arm of the state for purposes of Eleventh Amendment immunity. Because Roswell Park is not an arm of the state for purposes of the Eleventh Amendment, Dr. Zhou argues, it is not a state actor for purposes of section 1981. *See* Docket Item 18 at 6-10; Docket Item 22 at 9-10 ("Roswell [Park] is not a state actor, *i.e.*[,] an arm of the state . . . ").

But that is not necessarily so. For example, municipalities are considered state actors that cannot be sued under section 1981, *see LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 477 (2d Cir. 2009), but they are not arms of the state entitled to sovereign immunity, *Leitner v. Westchester Cmty. Coll.*, 779 F.3d 130, 134 (2d Cir. 2015). Dr. Zhou does not address that distinction, nor does she offer any reason why Roswell Park is not a state actor other than her inapposite argument that an arm of the state and a state actor are the same.

This Court agrees with the R&R that because it is a public hospital created under the New York Public Authorities Law, Roswell Park "is entitled to the same status . . .as a municipality" with respect to section 1981. *See* Docket Item 15 at 13 (emphasis

7

added) (citing *LaFaro*, 570 F.3d at 477-78 (finding Westchester County Health Care Corporation, a public hospital corporation created under the New York Public Authorities Law, to be like a municipality for purposes of section 1981)). Therefore, the defendants' motion to dismiss is granted with respect to Dr. Zhou's section 1981 claims.[4]

### B. Punitive Damages

"Punitive damages by definition are not intended to compensate the injured party, but rather to punish the tortfeasor whose wrongful action was intentional or malicious, and to deter him and others from similar extreme conduct." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 266-67 (1981) (citations omitted). But "an award of punitive damages against a municipality 'punishes' only the taxpayers, who took no part in the commission of the tort." *Id.* at 267. For that reason, municipalities are generally immune from punitive damages. *Id.* at 271.

The R&R found that because Roswell Park was like a municipality for purposes of section 1981, its "status" also would preclude punitive damages. Docket Item 15 at 16-17. Although Roswell Park is analogous to a municipality for purposes of section 1981, this Court is not convinced that the same is true with respect to punitive damages. An award of punitive damages against Roswell Park might not "punish[]" only "taxpayers." *See City of Newport*, 453 U.S. at 267. In fact, according to Dr. Zhou, "New York is not liable for payment of any Roswell Park bonds or notes, or budget deficits, and . . . [no] provision of state law make[s] the state responsible for debts or other

---

[4] Claims against state actors are appropriately brought under 42 U.S.C. § 1983. *See Sooroojaballi*, 816 F. App'x at 539. Therefore, Dr. Zhou's section 1983 claims, which appear to duplicate and alternatively plead her section 1981 claims, may proceed. And the dismissal of her section 1981 claims may thus be a moot point.

liabilities, such as judgment or budget deficits, incurred by Roswell Park." Docket Item 1 at ¶ 40 (internal citation omitted).  Accepting those allegations as true, as this Court must at this stage of the litigation, *see Trustees of Upstate New York*, 843 F.3d at 566, the reason for precluding punitive damages against municipalities does not hold water here.

*Underwood v. Roswell Park Cancer Inst.*, 2017 WL 1593445, at *6 (W.D.N.Y. May 2, 2017), is instructive on this issue.  In that case, the Court found that because the plaintiff made "detailed allegations regarding Roswell Park's operation" and its potential immunity "from punitive damages[,] . . . determining whether Roswell Park [was] a state actor for the purpose of punitive damages w[ould] be a fact-intensive inquiry."  *Id.*  The Court therefore declined to resolve that issue at the pleading stage, instead waiting until "a later stage in the litigation with the benefit of a fully developed record" to resolve it.[5]  *Id.*  That is the most prudent approach to take here as well.

The parties have not addressed whether an entity that is a state actor for purposes of section 1981 necessarily is immune from punitive damages.  Nor have they addressed how an award of punitive damages against Roswell Park would be paid and its impact on the public fisc.  Therefore, this Court agrees with Dr. Zhou that whether Roswell Park is exempt from punitive damages is a fact-intensive inquiry that would benefit from a more developed record.  The motion to dismiss Dr. Zhou's request for punitive damages is denied without prejudice.

---

[5] The *Underwood* court never decided the issue because the parties stipulated to the dismissal of the case before it could do so.  *See Underwood*, Case No. 15-CV-684-FPG-HKS, Docket Item 82 (July 3, 2018).

### III.     INDIVIDUAL DEFENDANTS

Finally, Dr. Zhou objects to the R&R's finding that her NYSHRL claims against the individual defendants should be dismissed.  Docket Item 18 at 10.  She says that the R&R should have adopted her "proposed amended complaint to sue the [individual d]efendants in their individual capacit[ies]."  *Id.*

Dr. Zhou brought claims under the NYSHRL for discrimination based on race, gender, national origin, and disability, and for retaliation, against Roswell Park and the individual defendants (claims nine through thirteen).  Docket Item 1 at 51-61.  She also brought claims for "[a]iding and [a]betting" discrimination and retaliation against only the individual defendants (claim fourteen).[6]  *Id.* at 61-62.  "The NYSHRL makes it unlawful for an *employer* to discriminate on the basis of . . . race, creed, color, or sexual orientation."  *Feingold v. N.Y.*, 366 F.3d 138, 157 (2d Cir. 2004) (emphasis added) (citing N.Y. Exec. L. § 296).  Nevertheless, individuals can be liable under the NYSHRL for "aid[ing], abet[ting], incit[ing], compel[ling,] or coerc[ing] the doing of" an act that violates the NYSHRL.  N.Y. Exec. L. § 296(6).  Because individuals can be liable under the NYSHRL only under the aiding and abetting provision, *id.*, Dr. Zhou's aiding and abetting claims (claim fourteen) may proceed against Dr. LeVea, Dr. Azabdaftari, and Dr. Merzianu in their individual capacities.  But her remaining NYSHRL claims (claims nine through thirteen) may proceed against only her employer, Roswell Park.

---

[6] Dr. Zhou sued Dr. LeVea, Dr. Azabdaftari, and Dr. Merzianu in their individual and official capacities and Dr. Johnson in only her official capacity.  Docket Item 1 at 1.  The R&R correctly found that "suing the individual defendants in any sort of 'official capacity' would be tantamount to suing Roswell Park twice for the same claim."  Docket Item 15 at 11.  Therefore, Dr. Zhou's official-capacity claims against the individual defendants are dismissed, and the Clerk of the Court shall terminate Dr. Johnson as a defendant.

10

The R&R recommended dismissing the aiding and abetting claims against the defendants in their individual capacities because Dr. Zhou had volunteered to withdraw those claims in her response to the motion to dismiss. *See* Docket Item 12 at 24; Docket Item 15 at 11. That withdrawal may have been based on Dr. Zhou's amending the complaint to name the individual defendants as aiders and abettors in claims nine through thirteen, *see* Docket Item 12 at 24, but Dr. Zhou never moved to amend the complaint.

Therefore, the Court accepts the R&R's recommendation to dismiss claims nine through thirteen against the individual defendants and claim fourteen against the individual defendants in their official capacities. Claim fourteen against Dr. LeVea, Dr. Azabdaftari, and Dr. Merzianu in their individual capacities may proceed. If Dr. Zhou wishes to amend her complaint to withdraw claim fourteen and to assert aiding and abetting claims against the individual defendants in claims nine through thirteen, she may move to do so, and the Court will address the issue at that time.

## CONCLUSION

For the reasons stated above, the Court respectfully disagrees with the R&R's findings that Dr. Zhou's hostile work environment and section 741 claims are untimely; that Dr. Zhou's request for punitive damages should be dismissed; and that Dr. Zhou's aiding and abetting claims against the individual defendants in their individual capacities should be dismissed. The Court otherwise agrees with and adopts the R&R.

Therefore, the motion to dismiss, Docket Item 6, is GRANTED IN PART. Dr. Zhou's claims for discrete acts of discrimination for events that occurred before February 7, 2018; her NYSHRL claims for discrimination and retaliation against the

11

individual defendants; her claims brought under section 1981; her claims brought under section 740 of the Labor Law; and her claims against the individual defendants in their official capacities are dismissed.  In addition to Dr. Zhou's request for punitive damages, the following claims remain:

- Claims 1, 3, 4, 5, 6, and 7 for events that occurred on or after February 7, 2018;
- Claim 2;
- Claim 8;
- Claims 9, 10, 11, 12, and 13 against only Roswell Park;
- Claim 14 against Dr. LeVea, Dr. Azabdaftari, and Dr. Merzianu in their individual capacities;
- Claim 17 against Roswell Park and against Dr. LeVea, Dr. Azabdaftari, and Dr. Merzianu in their individual capacities;
- Claim 18 for a violation of section 741 against only Roswell Park; and
- Claim 19.

Dr. Zhou may move to file an amended complaint within 60 days.  The case is referred back to Judge Payson for further proceedings consistent with the referral orders of March 3, 2020, Docket Item 14, and March 5, 2021, Docket Item 25.

SO ORDERED.


Dated:   September 21, 2021
         Buffalo, New York


                                             _/s/ Lawrence J. Vilardo_
                                             LAWRENCE J. VILARDO
                                             UNITED STATES DISTRICT JUDGE