**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**JANE ZHOU**

**Plaintiff,**

**- vs -**

**ROSWELL PARK CANCER INSTITUTE**
**CORPORATION,**
**DR. CANDACE JOHNSON, as the**
**CEO/PRESIDENT of ROSWELL PARK**
**CANCER INSTITUTE CORPORATION,**                    **Civil Action No. 19-CV-01200**
**DR. CHARLES LEVEA, individually and as**
**the CHAIR of the Department of Pathology**
**and Laboratory Medicine,**
**DR. GISSOU AZABDAFTARI, individually**
**and as the CHIEF of the Division of**
**Cytopathology,**
**DR. MIHAI MERZIANU, individually and as**
**the HEAD of Head and Neck Pathology**
**Service in the Department of Pathology,**

**Defendants.**

---

## DEFENDANTS' MEMORANDUM IN OPPOSITION
## TO PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

**BOND, SCHOENECK & KING, PLLC**
*Attorneys for Defendant*
The Avant Building
200 Delaware Avenue, Suite 900
Buffalo, New York 14202
Telephone: (716) 416-7000

Of Counsel:

Michael E. Hickey, Esq.
Mary E. Moran, Esq.

13358895.4 12/8/2021

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................... 1

BACKGROUND ....................................................................................................... 3

GOVERNING LEGAL STANDARD ........................................................................ 4

ARGUMENT ............................................................................................................ 5

POINT I   THE PROPOSED AMENDED COMPLAINT IS FUTILE TO THE EXTENT IT
SEEKS TO ASSERT CLAIMS THAT JUDGE VILARDO HAS DISMISSED . 6

    A.   The Proposed Amended Complaint Does Nothing to Save Plaintiff's Time-
Barred Claims ................................................................................................ 6

        1. Title VII Claims ...................................................................................... 7

        2. NYLL § 740 Claims ............................................................................... 8

    B.   The Proposed Amended Complaint Does Nothing to Save Plaintiff's § 1981
Claims ............................................................................................................ 8

    C.   The Proposed Amended Complaint Does Nothing to Save Plaintiff's Official
Capacity Claims ........................................................................................... 10

    D.   The Proposed Amended Complaint Does Nothing to Save Plaintiff's NYHRL
Claims Against the Individual Defendants in the Ninth through Thirteenth
Causes of Action ......................................................................................... 11

POINT II   THE PROPOSED AMENDED COMPLAINT IS FUTILE TO THE EXTENT IT
SEEKS TO ASSERT ANY CLAIM AGAINST DR. JOHNSON IN HER
INDIVIDUAL CAPACITY ........................................................................ 12

    A.   Many of Plaintiff's Proposed Claims Against Dr. Johnson Fail for the Same
Reasons That Corresponding Claims Against Other Defendants Have Been
Dismissed ..................................................................................................... 13

    B.   Plaintiff's Remaining Proposed Claims Against Dr. Johnson Are Either Time
Barred or Not Legally Cognizable .............................................................. 14

        1. Dr. Johnson is Not Subject to Suit under NYLL § 741 ....................... 15

        2. Plaintiff's Remaining Proposed Claims are Time-Barred ................... 15

CONCLUSION ....................................................................................................... 19

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Barrow v. Wethersfield Police Dep't,*
  66 F.3d 466 (2d Cir.1995), *modified on other grounds*, 74 F.3d 1366 (1996) .......................17

*Bass v. World Wrestling Fedn Ent., Inc.,*
  129 F. Supp. 2d 491 (E.D.N.Y. 2001) ...................................................................................17

*Castanza v. Town of Brookhaven,*
  700 F. Supp. 2d 277 (E.D.N.Y.) ...........................................................................................13

*Cole-Hoover v. Shinseki,*
  No. 10-CV-669, 2011 WL 1793256 (W.D.N.Y. May 9, 2011).................................................5

*Cornwell v. Robinson,*
  23 F.3d 694 (2d Cir. 1994)....................................................................................................17

*Feingold v. N.Y.,*
  366 F. 3d 138 (2d Cir. 2004).................................................................................................11

*Ferrara v. Smithtown Trucking Co.,*
  29 F. Supp. 3d 274 (E.D.N.Y. 2014) ......................................................................................4

*Grace v. Rosenstock,*
  228 F.3d 40 (2d Cir. 2000)......................................................................................................6

*Haner v. Cty. of Niagara, New York,*
  No. 19-CV-754, 2021 WL 230874 (W.D.N.Y. Jan. 22, 2021)................................................4

*Krupski v. Costa Crociere S.p.A.,*
  560 U.S. 538 (2010)..............................................................................................................18

*LaFaro v. New York Cardiothorasic Grp., PLLC,*
  570 F.3d 471 (2d Cir. 2009)....................................................................................................9

*Lucente v. Int'l Bus. Machs. Corp.,*
  310 F.3d 243 (2d Cir. 2002)....................................................................................................4

*Monahan v. New York City Dep't of Corrs.,*
  214 F.3d 275 (2d Cir. 2000)....................................................................................................4

*Nat'l R.R. Passenger Corp. v. Morgan,*
  536 U.S. 101 (2002)................................................................................................................7

*Nordco, A.S. v. Ledes,*
  No. 95-cv-7753, 1999 WL 1243883 (S.D.N.Y. Dec. 21, 1999)........................................16, 17

ii

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*,
    602 F.3d 57 (2d Cir. 2010)..................................................................................4

*Quinn v. Green Tree Credit Corp.*,
    159 F.3d 759 (2d Cir. 1998)..............................................................................15

*Ruiz v. Lenox Hill Hosp.*,
    146 A.D.3d 605 (1st Dep't 2017) .....................................................................15

*Solomon v. County of Nassau*,
    No. 20-cv-5227, 2021 WL 5631766 (E.D.N.Y. Dec. 1, 2021)...........................15

*Sulieman v. Roswell Park Cancer Inst.*,
    No. 05-cv-766S, 2008 WL 2690278 (W.D.N.Y. June 30, 2008) ...........................9

**Statutes**

42 U.S.C. § 1981 ......................................................................................... *passim*

42 U.S.C. § 1983 ......................................................................................... *passim*

42 U.S.C. § 2000e-5(e)(1)...............................................................................7

Americans with Disabilities Act, 42 U.S.C. § 12112(a) *et seq.*.......................3

Title VII of the Civil Rights Act of 1964, 42. U.S.C. 2000e, *et seq.*...................3, 5, 6, 7

Equal Pay Act, 29 U.S.C. § 206(d) *et seq.* ......................................................2, 3

Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ................................3

N.Y. Exec. L. § 296(6).....................................................................................11

New York Labor Law § 740 ......................................................................... *passim*

New York Labor Law § 741 ......................................................................... *passim*

New York Labor Law § 1981 ...........................................................................6, 10

New York Labor Law § 1983 ...........................................................................10, 16

New York Public Authorities Law ...................................................................9

New York State Human Rights Law .................................................................3, 15

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)...................................................................................4, 5

Fed. R. Civ. P. 15(a) ...........................................................................................................4

Fed. R. Civ. P. 15(a)(2) .......................................................................................................4

Fed. R. Civ. P. 15(c) ....................................................................................................16, 18

## <u>PRELIMINARY STATEMENT</u>

The above-captioned Defendants in this action, Roswell Park Cancer Institute Corporation ("Roswell Park"), Dr. Candace Johnson as the CEO/President of Roswell Park ("Dr. Johnson"), Dr. Charles LeVea, individually and as the Chair of the Department of Pathology and Laboratory Medicine ("Dr. LeVea"), Dr. Gissou Azabdaftari, individually and as the Chief of the Division of Cytopathology in the Department of Pathology ("Dr. Azabdaftari"), and Dr. Mihai Merzianu, individually and as the Head of Head and Neck Pathology Service in the Department of Pathology ("Dr. Merzianu") (Dr. Johnson, Dr. LeVea, Dr. Azabdaftari and Dr. Merzianu are referred to collectively as the "Individual Defendants"), by and through their attorneys, Bond, Schoeneck &King, PLLC, respectfully submit this Memorandum of Law in opposition to Plaintiff's Second Motion to Amend the Complaint.  Dkt. No. 31.[1]

On September 21, 2021, District Judge Vilardo granted Defendants' motion to dismiss in part, ordering that several claims asserted in Plaintiff's Complaint were dismissed because they were untimely or otherwise legally defective.  He also stated that she "may move to file an amended complaint within 60 days."  *See* Dkt. No. 28, p. 12.  Plaintiff now seeks to amend her Complaint, but she has done little more than present a Proposed Amended Complaint that simply reasserts all of the same claims in her original Complaint, including those the Court dismissed, and sets forth an assortment of additional factual allegations that do nothing to cure the fatal defects in the dismissed claims.  She provides absolutely no explanation – in her accompanying

---

[1] The Complaint has not previously been amended in this case.  Accordingly, Plaintiff's proposed "Second Amended Complaint" (Dkt. No. 31-2) will be referred to in this memorandum as the "Proposed Amended Complaint."

memorandum of law[2] or anywhere else – as to why her dismissed claims should proceed.  She has apparently completely ignored Judge Vilardo's reasoning for dismissing those claims, given that the defects are of the type that cannot be corrected by mere factual enhancement.  In short, the claims that Judge Vilardo are not saved by the Proposed Amended Complaint currently before this Court, or any other amendment Plaintiff could possibly propose.

In addition, Plaintiff seeks to amend the caption of her Complaint to name Dr. Johnson as a defendant in her individual capacity.  Previously, Dr. Johnson was named only in her official capacity.  The Court dismissed all such claims as duplicative of Plaintiff's claims against her employer, Roswell Park.  Although Plaintiff now attempts to slip a mere two additional words into the caption of her Complaint, with *no* explanation, this proposed change must not be overlooked because it has the effect of asserting numerous claims against a new party to this action when such claims are fatally flawed and could not survive a motion to dismiss.  Many of the newly asserted claims against Dr. Johnson correspond to Plaintiff's attempted claims against other defendants in this action which have already been dismissed.  Thus, for the same reasons already articulated by Judge Vilardo, such claims should not proceed against Dr. Johnson either.  Beyond that, the remaining proposed claims against Dr. Johnson are either time-barred – given that Plaintiff waited over *three and a half years* after her termination to present them to this Court – or contain other legal defects.  Plaintiff therefore has not stated *any* viable claim against Dr. Johnson in her individual capacity.

---

[2] Plaintiff's Memorandum of Law (Dkt. No. 31-1) discusses nothing other than a request to include a claim under the Equal Pay Act, which was already asserted in her original complaint. *See* Dkt. No. 1, pp. 65-67.

Accordingly, as discussed further below, plaintiff's motion should be denied to the extent it seeks to assert claims that have been dismissed or are otherwise futile, which includes *all* claims against Dr. Johnson.

## BACKGROUND

Plaintiff commenced this lawsuit on September 6, 2019, asserting nineteen causes of action against Roswell Park and/or various combinations of the Individual Defendants under numerous statutes, including Title VII of the Civil Rights Act of 1964, 42. U.S.C. 2000e, *et seq*. ("Title VII"), New York Labor Law ("NYLL") §§ 740 and 741, the Americans with Disabilities Act, 42 U.S.C. § 12112(a) *et seq.* ("ADA"), the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq*. ("NYHRL"), 42 U.S.C. § 1981 ("§ 1981"), 42 U.S.C. § 1983 ("§ 1983"), the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"), and the Equal Pay Act, 29 U.S.C. § 206(d) *et seq.* ("EPA")

On November 15, 2019, Defendants moved to dismiss the Complaint in its entirety, on the grounds that Plaintiff's claims are untimely, insufficiently pled, or otherwise deficient.  *See* Dkt. No. 7.  On July 1, 2020, Magistrate Judge Scott recommended granting Defendants' motion in part.  *See* Dkt. No. 15.  Plaintiff objected to that recommendation, and Defendants contested those objections.  *See* Dkt. Nos. 18, 19.  On September 21, 2021, District Judge Vilardo issued a Decision and Order that adopted Magistrate Judge Scott's recommendation in part.  Specifically, Judge Vilardo ordered:

> "Dr. Zhou's claims for discrete acts of discrimination for events that occurred before February 7, 2018; her NYSHRL claims for discrimination and retaliation against the individual defendants; her claims brought under section 1981; her claims brought under section 740 of the Labor Law; and her claims against the individual defendants in their official capacities are dismissed."

> *See* Dkt. No. 28, pp. 12-13.

3

Judge Vilardo ordered that Plaintiff "may move to file an amended complaint within 60 days." Dkt. No. 28, p. 12. On November 15, 2021, Plaintiff moved to amend the Complaint pursuant to Fed. R. Civ. P. 15(a) and tendered the Proposed Amended Complaint. *See* Dkt. No. 31. As noted above, the Proposed Amended Complaint reasserts the same legally defective claims that Judge Vilardo has dismissed, but does not, and *cannot*, include anything that corrects those claims or saves them from dismissal. She also brings numerous claims against a new party, by naming Dr. Johnson in her individual capacity for the first time. All such claims are likewise deficient. As discussed with specificity below, the instant motion should thus be denied in relevant part.

## <u>GOVERNING LEGAL STANDARD</u>

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, leave to amend a party's pleading should be "freely" given "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, leave to amend should only be given "'absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility.'" *Haner v. Cty. of Niagara, New York*, No. 19-CV-754, 2021 WL 230874, at *2 (W.D.N.Y. Jan. 22, 2021) (quoting *Monahan v. New York City Dep't of Corrs.*, 214 F.3d 275, 283 (2d Cir. 2000)).

It is relevant here to note that "'[a]n amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).'" *Ferrara v. Smithtown Trucking Co.*, 29 F. Supp. 3d 274, 279 (E.D.N.Y. 2014) (quoting *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002)). "Courts assess Rule 12(b)(6) motions by 'accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor.'" *Haner*, 2021 WL 230874, at *2 (quoting *Peter F. Gaito Architecture,*

*LLC v. Simone Dev. Corp*., 602 F.3d 57, 61 (2d Cir. 2010)). "'Simply stated, the question under Rule 12(b)(6) is whether the facts supporting the claims, if established, create legally cognizable theories of recovery.'"  *Id.* (quoting *Cole-Hoover v. Shinseki*, No. 10-CV-669, 2011 WL 1793256, at *3 (W.D.N.Y. May 9, 2011)).

## ARGUMENT

Plaintiff's motion should be denied to the extent it seeks to assert the following claims, which the Court has dismissed:

- Claims brought under Title VII in the First, Third, Fourth and Fifth causes of action for discrete acts of discrimination and retaliation that occurred prior to February 7, 2018;

- Claims brought under the NYHRL against the Individual Defendants in the Ninth through Thirteenth causes of action;

- Claims brought under § 1981 in the Fifteenth and Sixteenth causes of action;

- Claims brought under NYLL § 740; and

- Claims brought against the Individual Defendants in their *official capacities* in the Ninth through Eighteenth causes of action.

Plaintiff apparently fails to recognize that the aforementioned claims contain legal defects that it is impossible for her to cure through an amendment.  Despite making a litany of inconsequential changes throughout the Amended Complaint, Plaintiff fails to remove these defective claims.  Instead, she attempts, once again, to include them in her lawsuit without providing any explanation as to why such claims should proceed despite the Court's clear explanation that they cannot survive a motion to dismiss.  Her present motion should therefore be denied to the extent it seeks to assert these claims.

Plaintiff's motion should also be denied to the extent it seeks to assert *any* claim against

Dr. Johnson.  As noted above, all official-capacity claims against the Individual Defendants –

including Dr. Johnson – have been dismissed.  The Proposed Amended Complaint does not, and

could not, rescue these claims.  In addition, all of Plaintiff's newly asserted claims against Dr.

Johnson in her individual capacity are either time-barred, or otherwise legally defective.

Therefore, these claims also should not proceed.

**POINT I**

**THE PROPOSED AMENDED COMPLAINT IS FUTILE TO THE
EXTENT IT SEEKS TO ASSERT CLAIMS THAT JUDGE VILARDO HAS
DISMISSED**

Plaintiff's motion should be denied to the extent it asserts the claims that have already

been dismissed because the Proposed Amended Complaint fails to cure the fatal defects in those

claims.  This includes many of Plaintiff's claims under Title VII, all of her claims under NYLL §

740 and § 1981, as well as her NYHRL claims in the Ninth through Thirteenth causes of action.

As explained further below, these proposed claims are futile, and Plaintiff should not be

permitted to amend her complaint to include them.

**A.    The Proposed Amended Complaint Does Nothing to Save Plaintiff's Time-
Barred Claims**

Although it is not entirely clear, it appears that Plaintiff attempts to assert claims under

Title VII and NYLL § 740 that the Court has already determined are time-barred.  To the extent

the Proposed Amended Complaint does seek to assert time-barred claims, those claims should be

dismissed because they are futile.  *See Grace v. Rosenstock*, 228 F.3d 40, 53 (2d Cir. 2000)

("Amendment would likely be futile if, for example, the claims the plaintiff sought to add would

be barred by the applicable statute of limitations.").

1.  Title VII Claims

In her original Complaint, Plaintiff asserted Title VII claims in the First, Third, Fourth and Fifth causes of action.  The Court determined that these claims are untimely to the extent they are based on discrete events, including paychecks, that occurred prior to February 7, 2018. *See* Dkt. No. 15, pp. 7-9; Dkt. No. 28, pp. 11-12.  Magistrate Judge Scott explained, and District Judge Vilardo agreed, that Plaintiff is precluded from asserting claims based on discrete acts occurring prior to February 7, 2018 because she failed to present those allegations to the EEOC within the statutorily-mandated 300 day filing period.  *See* Dkt. No. 15, p.7 (citing *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 110 (2002); 42 U.S.C. § 2000e-5(e)(1)); Dkt. No. 28, p. 11 (adopting the R&R in relevant part).

In her Proposed Amended Complaint, Plaintiff again asserts Title VII claims in the proposed First, Third, Fourth and Fifth causes of action.  *See* Dkt. No. 31-2, pp. 48-50, 53-59. She also includes various allegations of conduct occurring prior to the February 7, 2018 cutoff date.  More specifically, she alleges that in 2017 she was excluded from participating in the tumor board and sent e-mails with "combative and abusive language," (Dkt No. 31-2, ¶¶ 96-97, 106), was forced to violate Standard Operating Procedure by Dr. Azabdaftari in August 2017 (*id.*, ¶ 119), received unfavorable evaluations in September 2017 (*id.*, ¶¶ 121, 124), and was "threatened" by Dr. Azabdaftari on or around January 10, 2018 (*id.*, ¶ 126).

To the extent Plaintiff seeks to assert Title VII claims based on *any* discrete acts occurring prior to February 7, 2018, including those noted above, her motion should be denied because, as the Court has explained, these allegations fall outside the limitations period for a Title VII claim.  Accordingly, a Title VII claim is futile to the extent based on such conduct.

13358895.4 12/8/2021

2. <u>NYLL § 740 Claims</u>

The Court also deemed Plaintiff's claims under NYLL § 740 untimely.  *See* Dkt. No. 5-6. Judge Vilardo's Decision and Order explained that, to be timely, Plaintiff needed to bring a purported NYLL § 740 claim within <u>one year</u> after the alleged retaliatory personnel action was taken.  *See id.*, p. 5 (citing NYLL § 740(4)(a)).  Plaintiff, however, waited nearly <u>a year and a half</u> after the occurrence of the last possible retaliatory event (*i.e.*, the termination of her employment) before commencing this Action, thus rendering her § 740 claim untimely and subject to dismissal.  *Id.*, p. 6.

Despite the Court's clear directive that Plaintiff may not proceed with a claim under § 740, the Proposed Amended Complaint nonetheless asserts that "Defendants' actions violated New York Labor Law §§ 740 and 741."  *See* Dkt. No 31-2, p. 48 ¶ 217.  As has already been explained, a purported claim under § 740 is time-barred.  Plaintiff's motion should therefore be denied accordingly.

**B.     The Proposed Amended Complaint Does Nothing to Save Plaintiff's § 1981 Claims**

Plaintiff's motion should also be denied to the extent it seeks to assert claims against Roswell Park and the Individual Defendants under § 1981 in the Fifteenth and Sixteenth causes of action because, as the Court has already determined, Roswell Park and the Individual Defendants are not subject to suit under § 1981 due to Roswell Park's status as a public entity.

Plaintiff already tried to assert claims of discrimination and retaliation under § 1981 against Roswell Park and the Individual Defendants in her original Complaint.  *See* Dkt. No. 1, pp. 62-63.  Defendants moved to dismiss these claims on the grounds that Roswell Park and its employees are state actors, and Section 1981 does not apply to state action.  *See* Dkt. No. 7, at 25.  Magistrate Judge Scott recommended dismissal of Plaintiff's § 1981 claims, reasoning that

8

Roswell Park, "[a]s with other public hospital corporations created under New York's Public Authorities Law" is "'entitled to the same status, for purposes of the state action immunity analysis, as a municipality.'" *See* Dkt. No. 15, pp. 13-15 (quoting *LaFaro v. New York Cardiothorasic Grp.*, *PLLC*, 570 F.3d 471, 477 (2d Cir. 2009) (addressing essentially identical statutory language for the Westchester county healthcare corporation)). The Court was thus "obligated to agree with defendants about Section 1981" but left open "the possibility allowing plaintiff to recast her claims as brought under Section 1983 if she were to make the appropriate showing on a motion to amend the complaint." *See id.*, p. 14. Upon review of objections asserted by Plaintiff, District Judge Vilardo agreed with Magistrate Judge Scott's conclusion and ordered that "the defendants' motion to dismiss is granted with respect to Dr. Zhou's section 1981 claims." *See* Dkt. No. 28.

Plaintiff's Proposed Amended Complaint reasserts her legally defective § 1981 claims against Roswell Park and the Individual Defendants in nearly identical form to those that have been dismissed by District Judge Vilardo. She has provided absolutely no explanation – in her memorandum of law or anywhere else – as to why she should be permitted to assert claims under § 1981 despite Judge Vilardo's conclusion that "because it is a public hospital created under the New York Public Authorities Law, Roswell Park is entitled to the same status as a municipality with respect to section 1981." *See* Dkt. No. 28, p. 7 (citations omitted).

Plaintiff cannot rely on her newly asserted allegations that Roswell Park does not have a contractual relationship with, and is not interdependent with, any governmental entity. *See* Dkt. No. 31-2, pp. 13-14, 80-81. This does not change the fact that, in light of Roswell Park's enabling legislation, Roswell Park is *entitled to the same status* as a municipality with respect to section 1981. Nor can Plaintiff rely on *Sulieman v. Roswell Park Cancer Inst.*, No. 05-cv-766S,

2008 WL 2690278, at *1, *13 (W.D.N.Y. June 30, 2008), wherein the Court found that Roswell Park was not an arm of the state for purposes of Eleventh Amendment Immunity. The Court has already rejected an argument by Plaintiff that an arm or the state and a state actor are necessarily the same. *See* Dkt. No. 28, p. 7.

For these reasons, Plaintiff's proposed claims in the Fifteenth and Sixteenth causes of action are futile because Plaintiff cannot bring a cognizable claim against any of the Defendants under § 1981. Plaintiff's Proposed Amended Complaint should accordingly be dismissed to the extent it seeks to assert these claims.

### C.    The Proposed Amended Complaint Does Nothing to Save Plaintiff's Official Capacity Claims

As with Plaintiff's original Complaint, the Proposed Amended Complaint sets forth numerous claims against the Individual Defendants in their official capacities. More specifically, Plaintiff seeks to assert claims against various combinations of the Individual Defendants under the NYHRL, § 1981, § 1983, and NYLL §§ 740/741 in the Ninth through Eighteenth causes of action.

The Court has already ruled that Plaintiff may not assert claims against the Individual Defendants in their official capacities because such claims merely duplicate Plaintiff's corresponding claims against Roswell Park. Indeed, upon considering Defendants' motion to dismiss, which argued for dismissal of all of Plaintiff's official capacity claims, Magistrate Judge Scott concluded that "suing the individual defendants in any sort of 'official capacity' would be tantamount to suing Roswell Park twice for the same claims. Any claims that plaintiff has against her former employer, therefore, will proceed only as against Roswell Park." Dkt. No. 15, p. 11. Judge Vilardo adopted that conclusion. *See* Dkt. No. 28, p. 11.

10

It appears that Plaintiff has completely ignored this ruling, given that the Proposed Amended Complaint seeks once again to assert the same set of official capacity claims against the Individual Defendants.  The caption of the Proposed Amended Complaint still names the Individual Defendants in their individual *and* official capacities, and each of the Ninth through Eighteenth causes of actions in the Proposed Amended Complaint implicates some or all of the Individual Defendants.  In short, Plaintiff has simply resubmitted the same claims in complete disregard of the Court's finding that such claims cannot proceed, without providing any supporting explanation.  There is absolutely no basis for Plaintiff's official capacity claims to proceed.  Accordingly, her motion should be denied to the extent it seeks to assert such claims.

**D.     The Proposed Amended Complaint Does Nothing to Save Plaintiff's NYHRL Claims Against the Individual Defendants in the Ninth through Thirteenth Causes of Action**

In her original Complaint, Plaintiff asserted claims under the NYHRL against Roswell Park and various combinations of the Individual Defendants in the Ninth through Thirteenth causes of action.  *See* Dkt. No. 1, pp. 51-61.  She also asserted additional claims, in the Fourteenth cause of action, against <u>only</u> the Individual Defendants for "aiding and abetting in violation of the NYSHRL." *Id.*, p. 61.

In his Decision and Order, District Judge Vilardo recognized that the NYHRL prohibits discrimination by an *employer* on the basis of a protected status.  *See* Dkt. No. 28, p. 10 (citing *Feingold v. N.Y.*, 366 F. 3d 138, 157 (2d Cir. 2004)).  He also recognized that *individuals* can be liable for "'aid[ing], abet[ting], incit[ing], compel[ling,] or coerc[ing] the doing of' an act that violates the NYHRL." *Id.* (citing N.Y. Exec. L. § 296(6)).  He rejected Plaintiff's attempt to proceed against the Individual Defendants under *both* theories, reasoning that "individuals can be liable under the NYSHRL only under the aiding provision." *Id.*  Accordingly, he concluded that

"Dr. Zhou's aiding and abetting claims (claim fourteen) may proceed against Dr. LeVea, Dr. Azabdaftari, and Dr. Merzianu in their individual capacities.  But her remaining NYHRL claims (claims nine through thirteen) may proceed only against her employer, Roswell Park."  *Id.*

Despite Judge Vilardo's clear directive that Plaintiff may only bring NYHRL claims against the Individual Defendants as aiders/abettors, and not as employers, Plaintiff again seeks to have it both ways.  In the Proposed Amended Complaint, Plaintiff asserts NYHRL claims against some or all of the Individual Defendants through the Ninth through Thirteenth causes of action in addition to the Fourteenth cause of action.  The Court has already ruled that she cannot do that.  In short, Plaintiff has again completely ignored the Court's Order and simply reasserted the same legally defective claims with absolutely no explanation as to why such claims should proceed.  In accordance with the Court's Order, Plaintiff's NYHRL claims against the Individual Defendants may proceed only through the Fourteenth Cause of Action.  Her motion to amend should be denied to the extent it seeks otherwise.

## POINT II

### THE PROPOSED AMENDED COMPLAINT IS FUTILE TO THE EXTENT IT SEEKS TO ASSERT ANY CLAIM AGAINST DR. JOHNSON IN HER INDIVIDUAL CAPACITY

In addition to attempting to assert dismissed claims against all of the defendants, Plaintiff also attempts, for the first time, to assert numerous claims against Dr. Johnson in her individual capacity.  As noted above, in her original Complaint, Plaintiff named Dr. Johnson in only her official capacity, *i.e.* "as the CEO/President of Roswell Park Cancer Institute."  *See* Dkt. No. 1, p. 1.  As discussed, the Court dismissed Plaintiff's official capacity claims against all the Individual Defendants, reasoning that "suing the individual defendants in any sort of 'official capacity' would be tantamount to suing Roswell Park twice for the same claims."  Dkt. No. 15,

12

p. 11. *See also* Dkt. No. 28, p. 11 (adopting the R&R in relevant part). Since Dr. Johnson was named <u>only</u> in her official capacity, this left no remaining claims against her.

Now, without providing any explanation whatsoever, Plaintiff attempts to amend the caption of her Complaint to name Dr. Johnson in her *individual capacity* as well as her official capacity. Since "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent," *see Castanza v. Town of Brookhaven*, 700 F. Supp. 2d 277, 283-84 (E.D.N.Y.) (citations omitted), Plaintiff's proposed amendment has the effect of naming an entirely new party to her lawsuit, *i.e.*, Dr. Johnson as an individual, rather than as an agent of Roswell Park.

More specifically, Plaintiff attempts to assert numerous claims against Dr. Johnson as a new party to this lawsuit. This includes claims under the NYHRL in the Ninth through Fourteenth causes of action, § 1981 in the Fifteenth and Sixteenth causes of action, § 1983 in the Seventeenth cause of action, and NYLL § 740/741 in the Eighteenth cause of action.

There is absolutely no basis to permit Plaintiff to assert her newly proposed claims against Dr. Johnson in her individual capacity. As discussed further below, each of these proposed claims contains particular legal defects that cannot cured by any amendment to the Complaint. Accordingly, Plaintiff's motion should be denied to the seeks to assert any claim against Dr. Johnson in her individual capacity.

### A.  Many of Plaintiff's Proposed Claims Against Dr. Johnson Fail for the Same Reasons That Corresponding Claims Against Other Defendants Have Been Dismissed

The Proposed Amended Complaint seeks to assert against Dr. Johnson in her individual capacity many of the same claims that Plaintiff previously sought, unsuccessfully, to assert

against the other Defendants in this lawsuit.  The corresponding claims against Dr. Johnson should be dismissed for the same reasons previously articulated by Judge Vilardo.

More specifically, the Proposed Amended Complaint seeks to assert individual capacity claims against Dr. Johnson under the NYHRL in the Ninth through Thirteenth causes of action, § 1981 in the Fifteenth and Sixteenth causes of action, and NYLL § 740 in the Eighteenth cause of action.  As discussed above, Plaintiff's claims against the Individual Defendants under the NYHRL in the Ninth through Thirteenth causes of action are dismissed because Plaintiff can only proceed with such claims under the "aiding and abetting" provision of the NYHRL.  Her claims against all Defendants under § 1981 are dismissed because neither Roswell Park, nor any of the Individual Defendants who are all Roswell Park employees, are subject to suit under that statute due to Roswell Park's status as a state actor.  Lastly, Plaintiff's claims under § 740 cannot proceed against any of the Defendants because these claims are time-barred in light of the applicable one-year statute of limitations, given that Plaintiff waited approximately a year and half after her termination to commence this Action.  The same reasoning for dismissal of Plaintiff's claims under the NYHRL, § 1981, and NYLL § 740 against other Defendants applies to the corresponding proposed claims against Dr. Johnson in her individual capacity.

Accordingly, Plaintiff's newly asserted individual capacity claims against Dr. Johnson under the NYHRL in the Ninth through Thirteenth causes of action, § 1981 in the Fifteenth and Sixteenth causes of action, and NYLL § 740 in the Eighteenth cause of action should not proceed.

**B.     Plaintiff's Remaining Proposed Claims Against Dr. Johnson Are Either Time Barred or Not Legally Cognizable**

The remaining newly asserted claims against Dr. Johnson in her individual capacity – which include aiding and abetting claims under the NYHRL in the Fourteenth cause of action,

14

claims under § 1983 in the Seventeenth cause of action, and claims under NYLL § 741 in the Eighteenth cause of action – fare no better because, as discussed below, these claims are either time-barred or otherwise legally defective.

1.   Dr. Johnson is Not Subject to Suit under NYLL § 741

Plaintiff's motion should be denied to the extent it asserts claims under NYLL § 741 in the Eighteenth cause of action because only employers, not individuals, are subject to suit under is provision.  Section 741 prohibits retaliatory actions by *employers*.  *See* § 741(2).  Under § 741(1)(b), "employer" is defined as "any partnership, association, corporation, the state, or any political subdivision of the state" that meets certain criteria.  Section 741 does not contain any prohibition on retaliatory actions by *individuals*.  Accordingly, Plaintiff has no cause of action against Dr. Johnson in her individual capacity.  *See Ruiz v. Lenox Hill Hosp.*, 146 A.D.3d 605, 606 (1st Dep't 2017) ("The motion court should have dismissed the Labor Law claims as against Dr. Scheinerman individually, since he is not an 'employer' within the meaning of Labor Law §§ 740 and 741").

2.   Plaintiff's Remaining Proposed Claims are Time-Barred

Plaintiff's claims against Dr. Johnson under the NYHRL, § 1983, and NYLL § 741 should be dismissed because they are untimely in light of the three-year statute of limitations that applies to NYHRL and § 1983 claims and the two-year statute of limitations that applies to NYLL § 741 claims.  *See Solomon v. County of Nassau,* No. 20-cv-5227, 2021 WL 5631766, at *6 (E.D.N.Y. Dec. 1, 2021) ("the applicable statute of limitations for claims asserted pursuant to 42 U.S.C. § 1983 . . . is New York's three-year statute of limitations for tort actions under N.Y. C.P.L.R. § 214(5)"); *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 765 (2d Cir. 1998) ("[Plaintiff]'s cause of action under New York's Human Rights Law is governed by a three-year

statute of limitations, measured from the filing of the action in court"); NYLL § 740(4)(d) ("a health care employee who has been the subject of a retaliatory action by a health care employer in violation of section seven hundred forty-one of this article may institute a civil action . . . within two years after the alleged retaliatory personnel action was taken").

Plaintiff's claims under the NYHRL, NYLL § 741, and § 1983 against other defendants, which were included in her original Complaint, were not dismissed as time-barred given that the Complaint was filed approximately a year and a half after her termination from employment. The present motion, however, is the first instance of Plaintiff asserting any claims against Dr. Johnson in her individual capacity, and it was not filed until November 15, 2021 – over *three and a half years* after Plaintiff's termination on March 30, 2018.  *See* Dkt. No. 31.  Accordingly, all of the alleged conduct in the Proposed Amended Complaint falls outside of the limitations period for a NYHRL, NYLL § 741 or § 1983 claim as asserted against Dr. Johnson in her individual capacity.

Plaintiff cannot rely on the relation-back doctrine to proceed with her time-barred claims against Dr. Johnson.  "Rule 15(c) [of the Federal Rules of Civil Procedure] governs relation back of amendments.  In relevant part, it provides that the claim in the amended pleading relates back to the date of the original pleading if it arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading."  *Nordco, A.S. v. Ledes*, No. 95-cv-7753, 1999 WL 1243883, at *3 (S.D.N.Y. Dec. 21, 1999) (quoting Fed. R. Civ. P. 15(c)(2)).

Further, "[w]hen new parties are sought to be added, there is an additional requirement that the new parties 'knew or should have known that, but for a mistake concerning the identity of the proper part[ies], the action would have been brought against the part[ies].'"  *Id.* (quoting Fed. R. Civ. P. 15(c)(3)).  "This language presupposes that the new parties were in fact not

named because of a mistake of identity.  If the reason for not naming a new party is anything

other than a mistake of identity, then the relation back doctrine is unavailable." *Id.* (citations

omitted).  Accordingly, "[t]he plaintiff bears the burden of proving that the failure to name the

new defendant in the original pleading was a 'mistake,' and not due to strategy, lack of

knowledge, or some other reason."  *Bass v. World Wrestling Fedn Ent., Inc.*, 129 F. Supp. 2d

491, 508 (E.D.N.Y. 2001) (quoting *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 469–70

(2d Cir.1995), *modified on other grounds*, 74 F.3d 1366 (1996)).

Even assuming that Plaintiff's proposed claims against Dr. Johnson arise out of the same

conduct set forth in the original complaint, there is absolutely no basis for such claims to

proceed.  It is entirely unclear why Plaintiff failed to name Dr. Johnson in her individual capacity

in the original complaint.  Her memorandum of law glaringly omits even a mention of this issue.

*See generally*, Dkt. No. 31-1.  Nevertheless, it is abundantly clear that, whatever Plaintiff's

reason was for failing to previously name Dr. Johnson in her individual capacity, it was *not*

because of a mistake concerning her identity.

The Second Circuit's decision in *Cornwell v. Robinson,* 23 F.3d 694 (2d Cir. 1994) is

instructive here.  In that case, the Court found that discrimination claims asserted against

individual defendants in an amended complaint did not relate back to the otherwise timely

original complaint that did not individually name them.  The Court reasoned:

> "Plainly [the plaintiff] knew the identities of the . . . employees who
> she contended had harassed and discriminated against her. Further,
> an exhibit to the original complaint identified those individuals and
> set out details of their alleged misconduct. [Plaintiff] was not
> required to sue them, and her failure to do so in the original
> complaint, in light of her obvious knowledge and the detailed nature
> of that pleading's exhibit, must be considered a matter of choice, not
> mistake."

Here, like the Plaintiff in *Cromwell*, Plaintiff plainly knew the identities of the individuals – including Dr. Johnson – whom she contends subjected her to unlawful treatment. Her original complaint contains factual allegations regarding Dr. Johnson's alleged misconduct, *see, e.g.*, Cmplt. ¶¶ 13, 109, which belies any assertion that her failure to name Dr. Johnson in her induvial capacity was a result of a mistake in identity.

Moreover, Plaintiff cannot rely on the Supreme Court's decision in *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538 (2010), which found that mistaken identity for Rule 15(c)(1)(C) purposes may include the situation where "a plaintiff might know that the prospective defendant exists but nonetheless harbor a misunderstanding about [her] status or role in the events giving rise to the issue, and [she] may mistakenly choose to sue a different defendant based on that misimpression." Plaintiff cannot make a colorable argument that she misunderstood Dr. Johnson's status in her official capacity as tantamount to Roswell Park itself, given that the original complaint names *all three other Individual Defendants* in *both* capacities. If mistake in status was indeed the reason for not naming Dr. Johnson in her individual capacity then, presumably, the other Individual Defendants would not have been named in their individual capacities either.

In short, Plaintiff fails to inform Defendants or this Court of the reasoning for her failure to previously name Dr. Johnson in her individual capacity, but, to be sure, it is abundantly clear that she cannot establish that the reason was mistake in identity. Accordingly, Plaintiff's claims cannot be rescued through the relation-back doctrine,[3] and are thus time-barred.

---

[3] Although F.R.C.P. 15(c)(1)(A) permits, as an alternative, relation back when "the law that provides the applicable statute of limitations allows relation back," that does not help Plaintiff here. The Advisory Committee Notes explain that this provision "is intended to make it clear that the rule does not apply to preclude any relation back that may be permitted under the

## **CONCLUSION**

For the reasons discussed above, Defendants respectfully request that this Court deny

Plaintiff's motion to amend the Complaint in relevant part.

Dated: December 8, 2021                    Respectfully submitted,

BOND, SCHOENECK & KING, PLLC

By:___/s/ Michael E. Hickey_____
      Michael E. Hickey, Esq.
      Mary E. Aldridge, Esq.
200 Delaware Avenue
Buffalo, New York 14202
Telephone: (716) 416-7000
Email: mhickey@bsk.com
         maldridge@bsk.com
*Counsel for Defendants*
*Roswell Park Cancer Institute, et al.*

TO:    LAW OFFICE OF LINDY KORN, PLLC
       Lindy Korn, Esq.
       Electric Tower,
       535 Washington Street, Ninth Floor
       Buffalo, NY 14203
       lkorn@lkorn-law.com
       (716) 856-5676
       *Attorneys for Plaintiff Jane Zhou*

---

applicable limitations law."  Here, Plaintiff does not invoke any authority providing for a more
favorable relation-back doctrine that would allow her claims to proceed.

13358895.4 12/8/2021