UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JANE ZHOU,

                              Plaintiff,

            v.

ROSWELL PARK CANCER INSTITUTE
CORPORATION, et al.,

                            Defendants.

<u>DECISION & ORDER</u> and
<u>REPORT & RECOMMENDATION</u>

19-CV-1200LJV

_____

        Plaintiff Jane Zhou filed this action against Roswell Park Cancer Institute Corporation ("Roswell Park") and its employees Candace Johnson, Charles Levea, Gissou Azabdaftari, and Mihai Merzianu (collectively, "defendants") asserting claims pursuant to 42 U.S.C. §§ 1981 and 1983 ("Section 1981" and "Section 1983," respectively), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Americans with Disabilities Act, 42 U.S.C. § 12112(a) *et seq.* ("ADA"), the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* ("FMLA"), the Equal Pay Act, 29 U.S.C. § 206(d) *et seq.*, the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.* ("NYSHRL"), and New York Labor Law ("NYLL") §§ 740 and 741. (Docket # 1). Currently pending before the Court is Zhou's second motion to amend the complaint. (Docket ## 31, 39).[1] Zhou's motion to amend is granted in part, and I recommend that the motion be denied in part.

---

[1] After reviewing the filed motion papers, the Court directed Zhou to supplement her motion with a memorandum of law identifying and describing the bases for the proposed amendments. (Docket # 34). Counsel for Zhou filed several different versions of her supplemental memorandum. (Docket ## 37, 38, 39). During oral argument, Zhou's counsel clarified that the correct version of the memorandum and the one that she wishes the Court to consider is filed at Docket # 39.

**PROCEDURAL BACKGROUND**

The claims asserted in Zhou's complaint arise out of her employment at Roswell Park between December 2016 and her termination on March 30, 2018.  (Docket # 1 at ¶¶ 54, 113).  The original complaint contained nineteen causes of action, which asserted claims pursuant to Title VII for discrimination (race, sex, hostile environment, national origin) and retaliation (Claims 1-5), the ADA for discrimination and retaliation (Claims 6-7), the FMLA (Claim 8), the NYSHRL for discrimination (race, sex, national origin, disability) and retaliation (Claims 9-14), Section 1981 for race discrimination and retaliation (Claims 15-16), Section 1983 for discrimination and retaliation (Claim 17), NYLL §§ 740 and 741 (Claim 18), and the Equal Pay Act (Claim 19).  Defendants challenged the sufficiency of those allegations in a motion to dismiss that was addressed in a Decision and Order issued by United States District Judge Lawrence J. Vilardo on September 21, 2021 ("the September 2021 Decision"), which adopted in part a Report and Recommendation issued by United States Magistrate Judge Hugh B. Scott.[2]  (Docket ## 15, 28).  Familiarity with the September 2021 Decision is assumed.

The September 2021 Decision provided Zhou sixty days within which to file an amended complaint.  (Docket # 28 at 12).  On November 15, 2021, Zhou filed the pending motion to amend.  (Docket # 31).  Defendants oppose the motion on the grounds that it impermissibly seeks to reassert claims that were dismissed by the district court and to assert claims against Johnson in her individual capacity that are not cognizable or are time-barred.  (Docket # 33).

---

[2] Following Judge Scott's death, the matter was reassigned to the undersigned.  (Docket # 25).

This Court held oral argument on the motion on March 15, 2022, and issued oral determinations granting or clarifying several of the proposed amendments, which are summarized below.  (Docket # 40).  With respect to the proposed addition of Johnson in her capacity as employer as a defendant on two causes of action – the NYLL cause of action asserted in Claim 18 and the NYSHRL causes of action asserted in Claims 9-13, the Court granted the parties' requests to provide supplemental briefing and reserved decision.  (*Id.*).  Having reviewed those submissions (Docket ## 41, 42), the Court now addresses the remaining disputes and summarizes in writing the determinations made on the record at oral argument.

I.      **Applicable Law**

Rule 15(a) of the Federal Rules of Civil Procedure provides that once the time for amending a pleading as of right has expired, a party may request leave of the court to amend, which shall be "freely give[n] . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2).  If the underlying facts or circumstances relied upon by the party seeking leave to amend may be a proper subject of relief, the party should be afforded the opportunity to test the claim on its merits.  *See United States ex rel. Maritime Admin. v. Cont'l Ill. Nat'l Bank & Trust Co. of Chi.*, 889 F.2d 1248, 1254 (2d Cir. 1989).  "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'"  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  While the court retains discretion to grant or deny leave to amend under Rule 15(a), "[the] outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of

discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.* at 182; *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 46 (2d Cir. 1983).

Despite the ordinarily lenient standard imposed, if the amendment proposed by the moving party is futile, "it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d at 131. "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (citing *Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)). Rule 8(a) of the Federal Rules of Civil Procedure requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to give the defendant fair notice of the claim plaintiff is asserting and the factual basis for the claim. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). To avoid dismissal, the proposed amended claim must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

II.     **Proposed Amendments to Claims 1, 3, 4 and 5 (Title VII Claims)**

Claims 1, 3, 4 and 5 of the original complaint and the proposed amended complaint assert causes of actions against Roswell Park pursuant to Title VII based on sex discrimination, race discrimination, national origin discrimination, and retaliation. (*Compare* Docket # 1 at ¶¶ 159-72, 185-226 *with* Docket # 31-2 at ¶¶ 218-33, 247-92). In the September 2021 Decision, Judge Vilardo concluded that Claims 1, 3, 4 and 5 could proceed provided that

they were not based upon discrete acts of discrimination that occurred before February 7, 2018. (Docket # 28 at 2, 11-12). During oral argument on the pending motion, counsel for Zhou confirmed that the proposed amendments were not intended to be read to assert claims for discrete acts of discrimination before February 2018. Based upon that representation, and the Court's construction of the claims in that manner, Zhou's motion to amend Claims 1, 3, 4 and 5 to add the proposed additional allegations is granted, as I indicated at oral argument.

### III.     Proposed Amendments to Claims 9, 10, 11, 12, 13 and 14 (NYSHRL Claims)

Claims 9 through 14 of the original complaint and the proposed amended complaint assert causes of action pursuant to the NYSHRL. (*Compare* Docket # 1 at ¶¶ 269-350 *with* Docket # 31-2 at ¶¶ 344-434). In the original complaint, Zhou asserted Claims 9-13 against Roswell Park and Johnson in her official capacity and defendants Levea, Azabdaftari and Merzianu in their individual capacities.[3] (Docket ## 1 at ¶¶ 269-346; 28 at 10). Claim 14 asserted a cause of action for "aiding and abetting" against the individual defendants only. (Docket ## 1 at ¶¶ 347-50; 28 at 10). In the September 2021 Decision, Judge Vilardo recognized that individuals may be liable under the NYSHRL only as aiders and abettors and thus permitted the aiding and abetting cause of action (Claim 14) to proceed against the defendants Levea, Azabdaftari and Merzianu in their individual capacities and the remaining NYSHRL causes of action (Claims 9-13) to "proceed against only [Zhou's] employer, Roswell Park." (Docket # 28

---

[3] As previously stated, Johnson was sued only in her official capacity in the original complaint and was terminated as a defendant because the official capacity claims were duplicative of the claims against Roswell Park. In the proposed amended complaint, Zhou seeks to sue Johnson in her individual capacity, including as Zhou's "employer" under NYSHRL Section 296(1). Zhou's proposed claims against Johnson in her individual capacity, including the NYSHRL claims against her, are addressed *infra* at Section VI.

5

at 10). Judge Vilardo also stated that Zhou, alternatively, could move to withdraw Claim 14 and to assert aiding and abetting claims against the individual defendants in Claims 9-13. (*Id.* at 11).

Rather than proceed as directed by Judge Vilardo, Zhou filed a motion to amend the complaint to assert claims against the individual defendants as "employers" in Claims 9-13 and as "aiders and abettors" in Claim 14. (*See* Docket # 31-2 at ¶¶ 344-434). In light of Zhou's failure to comply with the directive, this Court asked Zhou's counsel at oral argument whether Zhou wished to withdraw Claim 14 and assert aiding and abetting claims against the individual defendants in Claims 9-13 or, alternatively, to assert the aiding and abetting cause of action against the individual defendants in Claim 14 and remove the individuals as defendants in Claims 9-13. Counsel for Zhou responded that she wished to withdraw Claim 14. Accordingly, I recommend that the district court grant Zhou's oral request to withdraw Claim 14 and dismiss the fourteenth cause of action. As to Claims 9-13, I recommend that Judge Vilardo direct Zhou to make clear in those causes of action that the claims against the individual defendants (other than Johnson, as discussed *infra*) are based upon the aiding and abetting provision of the NYSHRL.

IV.     **Proposed Amendments to Claims 15 and 16 (Section 1981 Claims)**

Claims 15 and 16 of the original complaint and the proposed amended complaint assert causes of action against defendants pursuant to 42 U.S.C. § 1981. (Docket ## 1 at ¶¶ 351-61; 31-2 at ¶¶ 435-45). In the September 2021 Decision, Judge Vilardo agreed with Magistrate Scott's finding that Roswell Park and its employees were state actors not subject to liability under Section 1981. (Docket # 28 at 6-8). Rather than moving for reconsideration of that determination, Zhou improperly seeks to reargue that determination through the pending

6

motion to amend. As I expressed during oral argument, that attempt is procedurally improper and should be rejected. *See State Farm Mut. Auto. Ins. Co. v. Mallela*, 2002 WL 31946762, *14 (E.D.N.Y. 2002) ("[c]ourts in the Second Circuit are reluctant to permit parties . . . to avoid both the filing deadlines of a motion for reconsideration and the legal requirements of such a motion by disguising such a motion as an amended pleading or as another motion"). For this reason, I recommend that Zhou's motion to amend to assert Claims 15 and 16 be denied.

### V.     Proposed Amendments to Claim 18 (NYLL Claim)

Claim 18 of the original complaint asserted a cause of action pursuant to NYLL Sections 740 and 741. (Docket # 1 at ¶¶ 368-73). In the September 2021 Decision, Judge Vilardo dismissed Zhou's Section 740 claim as time-barred, but permitted her Section 741 claim to proceed. (Docket # 28 at 6). Claim 18 of the proposed amended complaint removes any reference to Section 740. (Docket # 31-2 at ¶¶ 452-59). Defendants nonetheless oppose the proposed amended complaint on the grounds that paragraph 217 of the factual allegations continues to reference Section 740. (Docket # 33 at 13). At oral argument, counsel for Zhou confirmed that the remaining reference to Section 740 resulted from an oversight and agreed to delete it from paragraph 217. Insofar as defendants' opposition to Claim 18 in the amended complaint is based upon their incorrect understanding that the claim purports to assert a cause of action under Section 740, their opposition is denied.

### VI.    Proposed Addition of Claims against Johnson in her Individual Capacity

Zhou's original complaint named Johnson solely in her official capacity as Chief Executive Officer ("CEO") and President of Roswell Park. (Docket ## 1; 28 at 10 n.6 ("Zhou

7

sued . . . Johnson in only her official capacity"). In the September 2021 Decision, Judge Vilardo concluded that claims against Johnson in her official capacity were "tantamount to suing [Roswell Park] twice for the same claim," dismissed the official-capacity claims against Johnson, and terminated her as a defendant. (Docket # 28 at 10 n.6).

In her proposed amended complaint, Zhou seeks to add Johnson in her individual capacity as a defendant to the action and to assert against her the NYSHRL causes of action in Claims 9-13, the Section 1983 cause of action in Claim 17, and the NYLL Section 741 cause of action in Claim 18. (Docket # 31-2 at ¶¶ 344-424, 446-59).

Defendants oppose the addition of Johnson as a defendant on statute of limitations grounds, maintaining that any claims against her in her individual capacity are now time-barred. (Docket # 33 at 17-18, 19-23). With respect to the NYLL Section 741 claim, defendants contend that because Johnson is not an "employer" within the meaning of the statute, the proposed claim against her is futile. (*Id.* at 20).

During oral argument, Zhou's counsel clarified that she seeks to assert the NYSHRL causes of action in Claims 9-13 against Johnson as an employer, pursuant to NYSHRL Section 296(1), and not as an aider and abettor, pursuant to NYSHRL Section 296(6). The Court permitted the parties to submit supplemental briefing with respect to the proposed NYSHRL and NYLL causes of action against Johnson, which it has reviewed. (Docket ## 41, 42).

A. **Timeliness of the Claims**

As I indicated at oral argument, defendants have not demonstrated at this stage that the claims against Johnson, who was named in her official capacity in the original complaint, are time-barred. In opposing the motion, defendants contend that Zhou's proposed claims against Johnson in her individual capacity do not relate back to the filing of the original

8

complaint. (Docket # 33 at 20-22). Despite that argument, none of the cases defendants cite address the question presented here – whether the proposed addition of a defendant in her individual capacity relates back to the filing of the original complaint naming that same individual in her official capacity. This Court's research suggests that the answer to that question may require additional factual development and would certainly benefit from more tailored legal research and analysis. *Compare Oladokun v. Ryan*, 2011 WL 4471882, *7 (S.D.N.Y. 2011) ("[defendant who had been sued in original complaint in his official capacity] had constructive notice of the individual capacity claim [sought to be added] within the Rule 4(m) period because the [c]omplaint made clear that [plaintiff] sought damages in an individual capacity from the person responsible for violating his due process rights, and [defendants] and their lawyers should have known that [defendant] was not named in his individual capacity because of [plaintiff's] misunderstanding of who was responsible for the disenrollment process") *and McPherson v. Coombe*, 2005 WL 8170058, *5 (W.D.N.Y. 2005) ("plaintiff's denomination of the Superintendent defendants in their official, rather than their personal capacity, is exactly the type of mistake that the Court of Appeals has found appropriate for application of the relation back doctrine") (citing *Soto v. Brooklyn Corr. Fac.*, 80 F.3d 34 (2d Cir. 1996)) *with Brown v. Comm'n on Human Rights & Opportunities*, 2008 WL 687358, *7 (D. Conn. 2008) ("[w]ith such a clear statement in the pleadings [differentiating between those defendants sued in their representative capacities and those sued in their individual capacities], [the defendants] had no reason to believe that they were being sued in their personal capacities or that, but for a mistake concerning identity, the suit would have been against them personally") *and Cupe v. Lantz*, 470 F. Supp. 2d 128, 135 (D. Conn. 2007) ("plaintiffs' claim that they made the mistake that persons who acted in their official capacity should be sued only in their official capacity and not

9

individually . . . is belied by the fact that in their initial complaint plaintiffs elected to sue [one defendant] under these statutes in both capacities, which suggests to defendants, as it does to this [c]ourt, that plaintiffs made a conscious choice to sue [one defendant] in both capacities and the other defendants in their official capacities only") (internal quotation omitted).  Accordingly, I grant Zhou's motion to amend the complaint to add Johnson in her individual capacity as a defendant to the action without prejudice to defendants' right to seek dismissal of any claims against her on limitations grounds through a properly supported and more fully researched motion to dismiss.

> B. **NYLL Section 741**

In her proposed amended complaint, Zhou seeks to assert a claim against Johnson in her individual capacity pursuant to NYLL Section 741.  (Docket ## 31-2 at ¶¶ 452-59; 39 at 6-7).  Citing *Sulieman v. Roswell Park Cancer Inst.*, 2008 WL 2690278 (W.D.N.Y. 2008), Zhou contends that Johnson is subject to individual liability under Section 741 because she meets the definition of "employer" within the meaning of the NYLL.  (Docket # 41 at 3-4).  Relying upon *Geldzahler v. N.Y. Med. Coll.*, 746 F. Supp. 2d 618 (S.D.N.Y. 2010), defendants oppose the motion on the grounds that the term "employer" in Section 741 does not encompass Johnson.  (Docket # 42 at 5-7).

NYLL Section 741 defines "employer" in relevant part as "any partnership, association, corporation, the state, or any political subdivision of the state."  N.Y. Lab. Law § 741(1)(b).  The plain language of Section 741 cannot be construed to include Johnson within the meaning of "employer," and Johnson is thus not subject to individual liability.  *See Geldzahler v. N.Y. Med. Coll.*, 746 F. Supp. 2d at 633 ("[t]he clause prohibiting retaliatory action under Section 741, however, is directed only at the employer[;] . . . [b]ecause the prohibition

10

against retaliatory action in Section 741 is not directed at the employer's agents, [plaintiff's] claims against [the individual defendant] must be dismissed"); *see also Ruiz v. Lenox Hill Hosp.*, 146 A.D.3d 605, 606 (1st Dep't 2017) ("[t]he motion court should have dismissed the Labor Law claims as against [individual defendant] since he is not an 'employer' within the meaning of Labor Law §§ 740 and 741"). Accordingly, I recommend that Zhou's motion to assert a Section 741 claim against Johnson be denied.

C. **NYSHRL Claims 9-13**

As noted above, Zhou's counsel clarified during oral argument that Zhou seeks to assert Claims 9-13 against Johnson in her individual capacity as an "employer" pursuant to NYSHRL Section 296(1). Defendants oppose this proposed amendment on the grounds that Zhou has failed to adequately allege that Johnson was her "employer" within the meaning of Section 296(1). (Docket # 42 at 9-10).

"Section 296(1) of the NYSHRL makes it unlawful for an 'employer' to 'discharge from employment' or 'discriminate against [an] individual in compensation or in terms ... of employment' on the basis of, among other things, an individual's 'age, race, creed, color, national origin, sexual orientation, military status, sex, disability.'" *Garnett-Bishop v. N.Y. Cmty. Bancorp, Inc.*, 2014 WL 5822628, *17 (E.D.N.Y. 2014) (quoting N.Y. Exec. Law § 296(1)). Individuals may be considered "employers" within the meaning of Section 296(1) where the individual is alleged to have "an ownership interest in the relevant organization or the power to do more than carry out personnel decisions made by others." *Townsend v. Benjamin Enters., Inc.*, 679 F.3d 41, 57 (2d Cir. 2012) (internal quotation omitted). Although general allegations concerning an individual's corporate title, without more, are insufficient to demonstrate that an individual is an employer, allegations that the individual "had independent

11

authority over personnel decisions, such as hiring, pay, schedule, or termination" are generally sufficient.  *See Garnett-Bishop v. N.Y. Cmty. Bancorp, Inc.*, 2014 WL 5822628 at *17.

In her proposed amended complaint, Zhou alleges that Johnson was the President and CEO of Roswell Park.  (Docket # 32-1 at ¶ 29).  Zhou further asserts that Johnson made "decisions regarding how much people get paid at Roswell," and her proposed complaint may be reasonably read to allege that Johnson controlled various personnel decisions, including hiring and firing determinations and supervisor assignments and requests for reassignments.  (*Id.* at ¶¶ 88, 114, 120, 130, 140, 226).  She also alleges that Johnson was the identified signatory to the proposed severance agreement provided to Zhou.  (*Id.* at ¶ 177).  I find that these allegations are sufficient to assert a claim against Johnson pursuant to Section 296(1).  *See Parra v. City of White Plains*, 48 F. Supp. 3d 542, 555 (S.D.N.Y. 2014) (plaintiff's allegations that individual defendants reassigned her to work with harasser and then refused her requests for reassignment were sufficient to assert NYSHRL claim against those defendants as employers); *Dasrath v. Stony Brook Univ. Med. Ctr.*, 965 F. Supp. 2d 261, 271 (E.D.N.Y. 2013) (denying motion to dismiss Section 296(1) claim against individual defendant; "[p]laintiff has alleged that [the individual defendant] . . . had supervisory authority over him . . . and that she was responsible for plaintiff's termination[;] . . . plaintiff's allegations are sufficient to state a plausible claim that [the defendant] had the power to do more than carry out personnel decisions made by others") (internal quotations omitted); *Johnston v. Carnegie Corp. of N.Y.*, 2011 WL 1085033, *14 (S.D.N.Y.) (plaintiff's allegations concerning individual defendant's titles and roles within the company, "along with [p]laintiff's apparent belief that the [i]ndividual [d]efendants were responsible for the adverse employment actions taken against him . . . , are, construed broadly, adequate to satisfy the pleading requirements"), *report and recommendation adopted by*, 2011

WL 1118662 (S.D.N.Y. 2011); *Emmons v. City Univ. of New York*, 715 F. Supp. 2d 394, 421 (E.D.N.Y. 2010) ("[because the individual defendant] was the President of [the college], a reasonable inference can be drawn from the complaint that he had the power to hire and fire [plaintiff]"). Although discovery may establish that Johnson did not in fact have the authority to implement personnel decisions that plaintiff claims she did and thus does not qualify as an employer, Zhou has alleged sufficient facts to support a plausible claim against Johnson under Section 296(1). *See Dasrath v. Stony Brook Univ. Med. Ctr.*, 965 F. Supp. 2d at 271 ("[a]lthough discovery may establish that [the defendant] was only executing the decision of her supervisors . . . and therefore does not qualify as an employer under [S]ection 296(1), plaintiff's allegations are sufficient to state a plausible claim"). Accordingly, Zhou's motion to add NYSHRL Section 296(1) claims against Johnson is granted.

### VII.   Proposed Amendments to Factual Allegations

In addition to the amendments discussed above, the proposed amended complaint includes many new factual allegations throughout the factual background section of the complaint, as well as within the causes of action. (*See generally* Docket # 31-2). Although defendants oppose Zhou's motion to amend with respect to certain causes of action, they do not specifically oppose any of the proposed new factual assertions. (Docket # 33). Accordingly, I grant Zhou leave to amend the complaint to add these additional factual allegations with the exception of the allegations in ¶¶ 60-62 that Roswell Park is not a state actor, which, as I indicated during oral argument, directly contravenes the district court's determination that Roswell Park is a state actor. (Docket ## 28 at 6-8; 31-2 at ¶ 62).

## CONCLUSION

For the foregoing reasons, plaintiff's motion to amend **(Docket # 31)** is **GRANTED in part**, and I recommend to the district court that it be **DENIED in part**. Specifically, on the condition that she deletes paragraphs 60 through 62 and the reference to Section 740 in paragraph 217 of the proposed amended complaint, Zhou is permitted to make the amendments authorized herein.  To be clear, with those amendments, Zhou may proceed on the following causes of action:

1. The Title VII causes of action asserted against Roswell Park (Claims 1-5);

2. The ADA causes of action asserted against Roswell Park (Claims 6-7);

3. The FMLA cause of action asserted against Roswell Park (Claim 8);

4. The NYSHRL causes of action asserted against Roswell Park and Johnson pursuant to Section 296(1) and against Levea, Azabdaftari, and Merzianu pursuant to Section 296(6) (Claims 9-13);

5. The Section 1983 cause of action asserted against all defendants (Claim 17);

6. The NYLL Section 741 cause of action asserted against Roswell Park (Claim 18); and

7. The Equal Pay Act cause of action asserted against Roswell Park (Claim 19).

I recommend that Judge Vilardo grant Zhou's request to withdraw Claim 14 asserting aiding and abetting liability under NYSHRL Section 296(6) and deny Zhou's motion to

14

amend to add Section 1981 causes of action (Claims 15 and 16) and a NYLL Section 741 cause of action against Johnson (Claim 18).

_s/Marian W. Payson_
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
July 25, 2022

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(e) and Local Rule 72.

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g.*, *Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72(b), or with the similar provisions of Rule 72(a) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

    *s/Marian W. Payson*
    MARIAN W. PAYSON
    United States Magistrate Judge

Dated: Rochester, New York
       July 25, 2022