UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JANE ZHOU,

       Plaintiff,

    v.

ROSWELL PARK CANCER INSTITUTE
CORPORATION, *et al.*,

       Defendants.

                                     19-CV-1200-LJV-MWP
                                     DECISION & ORDER

---

       On September 6, 2019, the plaintiff, Jane Zhou, M.D., commenced this action under Title VII of the Civil Rights Act of 1964 ("Title VII"); the Americans with Disabilities Act of 1990 ("ADA"); the Family and Medical Leave Act of 1993 ("FMLA"); the New York State Human Rights Law ("NYSHRL"); 42 U.S.C. §§ 1981 and 1983; New York Labor Law §§ 740 and 741; and the Equal Pay Act of 1963.[1]  Docket Item 1.  Zhou alleges that the defendants, Roswell Park Cancer Institute Corporation ("Roswell Park"); Candace Johnson, Ph.D.; Charles LeVea, M.D.; Gissou Azabdaftari, M.D.; and Mihai Merzianu, M.D., discriminated against her on the basis of race, national origin, gender, and disability and that they retaliated against her as well.  *See id.*

       On March 3, 2020, the case was referred to Hon. Hugh B. Scott, United States Magistrate Judge, for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B), Docket Item 14; it later was reassigned to Hon. Marian W. Payson, Docket Item 25.

---

[1] This case originally was assigned to Hon. Elizabeth A. Wolford and then was transferred to Hon. John L. Sinatra, Jr.  Docket Item 11.  On August 20, 2021, it was transferred to the undersigned.  Docket Item 26.

On November 15, 2021, Zhou moved to amend the complaint, Docket Items 31, 39;[2]

on December 8, 2021, the defendants responded, Docket Item 33; and on March 15,

2022, Judge Payson heard oral argument on the motion, Docket Item 40.

At oral argument, Judge Payson granted the parties' request to submit

supplemental briefs on the proposed addition of Johnson as a defendant, in her

capacity as an employer, to two sets of Zhou's claims: (1) her claim under section 741

of the New York Labor Law (claim eighteen), *see* Docket Item 31-2 at ¶¶ 452-59, and

(2) her claims under the NYSHRL for discrimination and retaliation (claims nine through

thirteen), *see id.* at ¶¶ 344-424.  A short time later, the parties filed their supplemental

briefs.  Docket Items 41, 42.

On July 25, 2022, Judge Payson issued a Report, Recommendation, and Order

("RR&O") granting the motion to amend in part and recommending that the Court deny

the remainder of the motion.  Docket Item 44.  Specifically, Judge Payson granted Zhou

leave to amend claims one, three, four, and five (Title VII claims) to add additional

detail, *id.* at 5, and claims nine through thirteen (NYSHRL claims) to assert those claims

against Johnson in her capacity as an employer, *id.* at 13.  Judge Payson also granted

Zhou leave to add allegations, except those in paragraphs 60 to 62 of the proposed

amended complaint, to the factual background section of the complaint, *id.*  Judge

Payson recommended that this Court (1) grant Zhou's request to withdraw claim

fourteen (NYSHRL aiding and abetting claim) and dismiss that claim, *id.* at 6; (2) direct

---

[2] After reviewing Zhou's motion to amend, Judge Payson directed Zhou to supplement her motion with a memorandum of law.  Docket Item 34.  Counsel for Zhou filed several versions of her supplemental memorandum.  Docket Items 37, 38, 39. Counsel for Zhou later clarified that the correct version was filed as Docket Item 39. *See* Docket Item 44 at 1 n.1.

Zhou to clarify that claims nine through thirteen (NYSHRL claims) name the individual

defendants as aiders and abettors, except for Johnson who is named in her capacity as

an employer, *id.*; (3) deny leave to amend claims fifteen and sixteen (section 1981

claims), *id.* at 7; (4) deny leave to amend claim eighteen (New York Labor Law claim) to

assert a section 741 claim against Johnson in her individual capacity, *id.* at 11; and (5)

deny leave to amend the factual background to add allegations that Roswell Park is not

a state actor, *id.* at 13.

The parties did not object to the RR&O, and the time to do so now has expired.

*See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  In fact, Zhou has filed an amended

complaint that withdraws her NYSHRL aiding and abetting claim and her section 1981

claims, removes paragraphs 60 to 62 of the proposed amended complaint which

alleged that Roswell Park was not a state actor, and asserts the section 741 claim

against only Roswell Park, not Johnson.  *See* Docket Item 45.

"The standard of review for a magistrate judge's order depends on whether the

order is dispositive."  *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 340 (S.D.N.Y.

2009) (citing 28 U.S.C. § 636; Fed R. Civ. P. 72).  When reviewing a dispositive order,

the court must review *de novo* those portions of a magistrate judge's recommendation

to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  For non-

dispositive orders, however, the court may reconsider the order only "where it has been

shown that the magistrate judge's order is clearly erroneous or contrary to law."

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a).

"Although . . . the Second Circuit has not ruled on whether a motion to amend a

pleading is properly classified as dispositive or non[-]dispositive," courts generally treat

a magistrate judge's decision to grant leave to amend as non-dispositive.  *Rubin v. Valicenti Advisory Servs., Inc.*, 471 F. Supp. 2d 329, 333 (W.D.N.Y. 2007); *see also Stetz v. Reeher Enters., Inc.,* 70 F. Supp. 2d 119, 120 (N.D.N.Y. 1999).  On the other hand, some courts in this Circuit treat the denial of a motion to amend as "dispositive because it 'foreclose[s] potential claims.'"  *Schiller v. City of New York*, 2009 WL 497580, at *2 (S.D.N.Y. Feb. 27, 2009) (alteration in original) (quoting *Wilson v. City of New York*, 2008 WL 1909212, at *4 (E.D.N.Y. Apr. 30, 2008)); *see also Covington v. Kid*, 1999 WL 9835, at *2 (S.D.N.Y. Jan. 7, 1999).

But whether Judge Payson's RR&O is treated as dispositive or non-dispositive is largely beside the point.  Even if both the grant and denial of leave to amend were treated as dispositive and therefore entitled to a more demanding standard of review, neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge Payson's RR&O as well as the parties' submissions to her.  Based on that review and the absence of any objections, the Court accepts and adopts Judge Payson's recommendation in its entirety.  Therefore, this Court: (1) grants Zhou's request to withdraw claim fourteen (NYSHRL aiding and abetting claim) and dismisses that claim; (2) directs Zhou to clarify that claims nine through thirteen (NYSHRL claims) name the individual defendants as aiders and abettors, except for Johnson who is named in her capacity as an employer; (3) denies leave to amend claims fifteen and sixteen (section 1981 claims); (4) denies leave to amend claim eighteen (New York

Labor Law claim) to assert a section 741 claim against Johnson in her individual capacity; and (5) denies leave to amend the factual background to add allegations that Roswell Park is not a state actor.

Moreover, and in the interest of clarity, the Court notes that it finds no reason to disturb Judge Payson's order granting the motion to amend in part.

For the reasons stated above and in the RR&O, the plaintiff's motion to amend, Docket Item 33, is GRANTED in part and DENIED in part.  After amendment, the following claims remain:

- Claims 1 through 5 against Roswell Park for violations of Title VII;

- Claims 6 and 7 against Roswell Park for violations of the ADA;

- Claim 8 against Roswell Park for violations of the FMLA;

- Claims 9 through 13 against Roswell Park and Johnson in her capacity as an employer, as well as against LeVea, Azabdaftari, and Merzianu in their capacities as aiders and abettors of violations of the NYSHRL;

- Claim 17 (now claim 14 in the amended complaint, *see* Docket Item 45 at ¶¶ 419-24) under section 1983 against all defendants;

- Claim 18 (now claim 15 in the amended complaint, *see* Docket Item 45 at ¶¶ 425-31) against only Roswell Park for violations of section 741 of the New York Labor Law; and

- Claim 19 (now claim 16 in the amended complaint, *see* Docket Item 45 at ¶¶ 432-42) against Roswell Park for violations of the Equal Pay Act.

The case is referred back to Judge Payson for further proceedings consistent

with the referral orders of March 3, 2020, Docket Item 14, and March 5, 2021, Docket

Item 25.


SO ORDERED.

Dated:        August 12, 2022
              Buffalo, New York


                                        /s/ Lawrence J. Vilardo
                                       LAWRENCE J. VILARDO
                                       UNITED STATES DISTRICT JUDGE